BARCLAYS BANK OF NEW YORK *v.* WILLIAM M. IVLER
ET AL.
(7417)

BORDEN, SPALLONE and LAVERY, Js.

Argued September 14—decision released October 24, 1989

*William M. Ivler,* pro se, the appellant (named defendant).

*Richard E. Castiglioni,* with whom, on the brief, was *Kent M. Krudys,* for the appellee (plaintiff).

LAVERY, J. This is an appeal from the trial court's denial of the named defendant's[1] motion to open a stipulated judgment of strict foreclosure. The defendant's law day has passed and his equity of redemption has been extinguished. We conclude, sua sponte, that this case is moot and therefore must be dismissed.

For the purposes of this appeal, the following facts are relevant. On December 31, 1985, the defendant executed and delivered to the plaintiff two promissory notes in the principal sums of $6,150,000 and $650,000. To secure these notes, the defendant simultaneously executed a first mortgage on property located at 720 Bedford Street, Stamford. Except for an advance payment of interest at the mortgage closing on December 31, 1985, the defendant has made no payments of principal or interest, nor has he paid any real property taxes, which have fallen into arrears.

In March, 1987, the plaintiff initiated foreclosure proceedings. On April 18, 1988, the parties entered into a stipulated judgment of strict foreclosure. The stipulated judgment set law days, beginning September 30, 1988, for the defendant, allowing him to redeem on or before his law day for the sum of $6,250,000. The plaintiff agreed not to seek a deficiency judgment and the defendant agreed not to take an appeal from the stipulated judgment.

---

[1] The named defendant mortgagor is the only defendant taking this appeal. The other defendants were the city of Stamford, Paul J. Daria, Temp Air Company, and the state of Connecticut. These parties each had a recorded lien interest in the property. Because Ivler was the only defendant to take this appeal, and the only defendant directly involved in the procedural steps leading to this appeal, the opinion will refer to Ivler as "the defendant."

On August 25, 1988, the defendant moved to open the stipulated judgment. The court denied the motion on September 7, after extensive testimony and argument. On September 20, 1988, the defendant appealed from the court's denial of his motion to open. Thereafter, the parties exchanged numerous salvos of motions, the principal and highly unfortunate result of which was to delay the argument and disposition of this appeal for an entire year.[2]

Our examination of the procedural record of this case requires us first to determine whether the court has jurisdiction to entertain the appeal, or whether it is moot. To do this, consideration of the following legal principles is in order.

[2] After the defendant filed his September 20, 1988 appeal, the sorry procedural history of this case unfolded as follows: On September 23, 1988, the plaintiff filed a motion to terminate the automatic stay of execution. The court held a hearing on September 30, 1988, and granted the plaintiff's motion to terminate the stay. The defendant immediately moved for this court to review the termination of the stay. On November 8, 1988, we denied the defendant's request for relief from the termination of the stay.

Thereafter, on November 17, 1988, the plaintiff filed a motion seeking advice from the trial court as to whether title had passed to it, and if not, whether new law days should be set. On November 28, 1988, the court heard the motion and set new law days beginning December 5, 1988, for the defendant. The court, at the same time, terminated any stay of the law days pending appeal. On November 30, 1988, the defendant appealed from the trial court's setting of the new law days. On December 2, 1988, the defendant filed a motion for review of the trial court's termination of stay of the December 5 law day. On January 27, 1989, this court denied any relief to the defendant on the review of the stay, dismissed the second appeal, and gave the defendant the right to amend his first appeal to include the trial court's setting of new law days on November 28, 1988.

On February 2, 1989, the plaintiff filed a motion to set new law days. On May 1, the trial court set the law days beginning May 22, 1989, for the defendant. In addition, the trial court terminated any stay of appeal that would be created by the defendant's taking an appeal from the setting of the new law days. On May 5, the defendant filed a motion for review of the trial court's order terminating the automatic stay of execution. On May 17, this court denied the relief requested. On May 22, the defendant filed a motion for reconsideration with this court that was denied on June 26, 1989.

In Connecticut, a mortgagee has legal title to the mortgaged property and the mortgagor has equitable title, also called the equity of redemption. *Conference Center Ltd.* v. *TRC,* 189 Conn. 212, 218, 455 A.2d 857 (1983). The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the payment of money. General Statutes § 47-36h; *State* v. *Stoneybrook, Inc.,* 149 Conn. 492, 495–96, 181 A.2d 601, appeal dismissed and cert. denied, 371 U.S. 185, 83 S. Ct. 265, 9 L. Ed. 2d 227 (1962); *Brand* v. *Woolson,* 120 Conn. 211, 180 A. 293 (1935). Under our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity of redemption unless the mortgagor satisfies the debt on or before his law day. *Cook* v. *Bartholomew,* 60 Conn. 24, 27, 22 A. 444 (1891).

"Where a foreclosure decree has become absolute by the passing of the law days, the outstanding rights of redemption have been cut off and the title has become unconditional in the [redeeming encumbrancer] . . . . The mortgagor has no remaining title or interest which he may convey." *City Lumber Co. of Bridgeport, Inc.* v. *Murphy,* 120 Conn. 16, 25, 179 A. 339 (1935); see also General Statutes § 49-19; *Small Business Investment Co.* v. *Cavallo,* 188 Conn. 286, 288, 449 A.2d 988 (1982). Provided that this vesting has occurred pursuant to an authorized exercise of jurisdiction by the trial court; see *Hartford National Bank & Trust Co.* v. *Tucker,* 181 Conn. 296, 298–99, 435 A.2d 350 (1980) (court ordered sale of foreclosed property void where sale took place despite existence of automatic stay of execution under Practice Book § 3065 [now § 4046]); it is not within the power of appellate courts to resuscitate the mortgagor's right of redemption or other-

wise to disturb the absolute title of the redeeming encumbrancer. *Connecticut Savings Bank* v. *Howes,* 9 Conn. App. 446, 447–48, 519 A.2d 1216 (1987); cf. General Statutes § 49-15.[3]

The question this court must address, therefore, is whether the law days have run so as to extinguish the defendant's equity of redemption and vest title absolutely in the plaintiff. If this has occurred, "no practical relief [could] follow" from a determination of the merits of this case; *State* v. *Johnson,* 11 Conn. App. 251, 256, 527 A.2d 250 (1987); and we must dismiss the case as moot. Id.

On May 1, 1989, the trial court set law days beginning May 22, 1989, for the defendant. The defendant timely filed a motion for review, which was denied on May 17. No stay was in effect; see footnote 2, supra; and the defendant did not redeem on May 22, nor did the subsequent lienholders on their law days. Therefore, the defendant's equity of redemption was extinguished, and title to the property vested absolutely in the plaintiff once the law days passed.

Because absolute title has passed to the plaintiff, the remedy the defendant seeks by appeal is no longer available. *Merry-Go-Round Enterprises, Inc.* v. *Molnar,* 10 Conn. App. 160, 162, 521 A.2d 1065 (1987); see also *Connecticut Savings Bank* v. *Howes,* supra, 447–48.

The appeal is dismissed. The plaintiff has one month from the release date of this decision to file a fore-

---

[3] General Statutes § 49-15 provides: "OPENING OF JUDGMENTS OF FORE-CLOSURE. Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer."

closure certificate without penalty, in accordance with General Statutes § 49-16.

In this opinion the other judges concurred.