[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING WHETHER MOTION FOR DEFICIENCY JUDGMENT IS APPLICABLE TO JUDGMENT LIEN FORECLOSURE PROCEEDING
By writ dated August 10, 1988, returnable on the second Tuesday of September 1988, the plaintiff commenced a separate action in damages against defendant William Kosa and others, and caused an attachment to be placed upon said defendant's one-half interest in certain premises known as the Winana Park property situated in the Town of Fairfield. On November 22, 1988 the plaintiff obtained judgment against defendant William J. Kosa and others in the damages action for the sum of $132,482.01 plus costs of $281.10. The judgment was not satisfied.
On December 15, 1988 the plaintiff caused a certificate of judgment lien to be filed in the town clerk's office of the town in which said premises are situated and thereafter commenced this action to foreclose the judgment lien. CT Page 1439
On March 5, 1990 a judgment of strict foreclosure was entered in this action and May 1, 1990 was set as the law day for William J. Kosa. The judgment of strict foreclosure recited William J. Kosa's indebtedness to plaintiff as being in the amount of $132,482.01, plus costs, interest and attorney's fees which produced a total indebtedness of $150,110.12. William J. Kosa did not redeem on his law day and title to his one-half interest in said property has vested in the plaintiff
The plaintiff has moved for a deficiency judgment. In its motion plaintiff states that as of the date of judgment in this strict foreclosure action the Court found the value of the property to be $315,000 and that the vesting of title in plaintiff on May 2, 1991 was subject to a prior encumbrance in the amount of $255,413.29.
Defendant William J. Kosa objects to the entertaining of the motion for deficiency judgment. The defendant takes the position that although a motion for deficiency judgment is available to a plaintiff who initiates a strict foreclosure upon a mortgage, such a motion is not available where, as here, a plaintiff seeks a deficiency judgment following the foreclosure of a judgment lien.
At a hearing on the motion for deficiency judgment the Court heard evidence as to the valuation of the premises. The Court also requested, and the parties submitted memoranda of law on the issue of the applicability of a deficiency judgment following foreclosure of a judgment lien.
The plaintiff maintains that its entitlement to a deficiency judgment is grounded in Connecticut General Statutes sections 52-380a(c) and 49-14 (a). Connecticut General Statutes section 52-380a(c) states in relevant part that "[a] judgment lien on real property may be foreclosed or redeemed in the same manner as mortgages on the same property." Connecticut General Statutes section 49-14 (a) states in material part that
 [a]t any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. . . . At such hearing [on the motion] the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further CT Page 1440 action upon the debt, note or obligation, shall recover only the amount of such judgment. (Emphasis added).
The equity of redemption in Connecticut is the equitable title of the mortgagor; the mortgagee has the legal title. Barclay's Bank of New York v. Ivler, 20 Conn. App. 163
(1989).
 The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the payment of money. [Citations omitted]. Under our law, an action for strict foreclosure is brought by a mortgage who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity of redemption unless the mortgagor satisfies the debt on or before his law day. (Emphasis added).
Id. at 166.
After review of relevant statutory and case law, this Court agrees with the defendant's objection to the application of the deficiency judgment procedure to foreclosure of judgment liens for the reason that the statutory deficiency judgment scheme in Connecticut is designed to limit and accommodate the interests of mortgagees, not judgment lienors, whose monetary claims are not satisfied in strict foreclosure proceedings.
Connecticut General Statutes section 49-1 married mortgagor to mortgagee by prohibiting the mortgagee — post a judgment of foreclosure — from maintaining ". . . a separate action upon the underlying debt, note or obligation against any person liable thereon except those upon whom personal service could not have been made at the commencement of the foreclosure action." First Bank v. Simpson, 199 Conn. 368,376.
 This enactment, however, barred `any further action on the mortgage debt,' referring only to the mortgage being foreclosed. . . . The prohibition of further action on the debt, mandat[es] that the rights between the mortgage debtor and the foreclosing mortgagee be concluded in a single proceeding. . . .
Id. (Emphasis added). CT Page 1441
The solitary proceeding is continued in Connecticut General Statutes section 49-14 (a) which addresses the rights of and permits ". . . any party to a mortgage foreclosure . . ." to seek a deficiency judgment.
The Court recognizes that section 52-380 (a)(c) permits a judgment lienor to use the foreclosure procedure to foreclose title to property in Connecticut. However, the clear language of Conn. Gen. Stat. section 49-14 (a) — the deficiency judgment statute — limits the right to file a motion for a deficiency judgment to any party to a mortgage foreclosure and, thus, limits the recovery of a deficiency judgment to an unsatisfied mortgagee plaintiff. The plaintiff in this case does not fit this definition because the plaintiff is not an unsatisfied mortgagee. Clear legislative language cannot be ignored.
However, the plaintiff's remedies are not limited to this strict foreclosure. The plaintiff may pursue whatever additional remedies which it may have, including the marshalling of assets. See Gushee v. Union Knife Company,54 Conn. 101, 107 (1886).
Accordingly, the motion for deficiency judgment is denied.
CLARANCE J. JONES, JUDGE