[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN JUDGMENT, (#113)
I. FACTS
The plaintiff commenced this action of strict foreclosure by causing a true and attested copy of the writ, summons and complaint to be served on the defendant, Kathleen Clark, on May 24, 1990. On February 5, 1991, the court, O'Connell, J., granted the plaintiff's motion for judgment of strict foreclosure, #104, and rendered a judgment of strict foreclosure, #108, and set a law day of August 5, 1991. On September 16, 1991, the court, O'Connell, J., reopened the judgment for the purpose of resetting the law day to February 3, 1992. On March 4, 1992, the plaintiff filed the present motion requesting the court to reopen the judgment of strict foreclosure for the purpose of setting August 3, 1992, as the new law day. The motion is accompanied by a stipulation signed by both parties in which states that the parties agree to have the judgment of strict foreclosure reopened and ask the court to set new law days.
II. DISCUSSION
General Statutes Sec. 49-15 provides:
 "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the motion of any person having an interest therein, and for CT Page 4702 cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deem reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer.
Kilduff v. Adams, Inc., 219 Conn. 314, 321 n. 6,593 A.2d 478 (1991). When the law days have passed, "the outstanding rights of redemption have been cut off and the title has become unconditional in the [redeeming encumbrancer] . . . . The mortgagor has no remaining title or interest which he may convey." Barclays Bank of New York v. Ivler, 20 Conn. App. 163,166, 565 A.2d 252, cert. denied, 213 Conn. 809,568 A.2d 792 (1989) (citations omitted). "To open a judgment after the time fixed in the statute is erroneous but that error may be waived." Farmers Mechanics Savings Bank v. Sullivan, 216 Conn. 341, 346, 579 A.2d 1054 (1990). Where a court is presented with a valid waiver, it may open a judgment of strict foreclosure even though the law days have passed. See, it. The stipulation signed by both parties constitutes a valid waiver, and accordingly, the court is empowered to reopen the judgment of strict foreclosure.
CONCLUSION
For the reasons herein stated, it is concluded that the motion to reopen the judgment of strict foreclosure ought to be and is hereby granted and the new law day is extended to August 3, 1992.
It is so ordered.
ARENA, J.