## Brooklyn Savings Bank *v.* Martin H. Frimberger et al.
## (11068)

Daly, Landau and Cretella, Js.

Argued October 2—decision released December 8, 1992

*Kenneth R. Davis,* for the appellant (defendant John T. O'Reilly).

*Steven A. Tomeo,* for the appellee (plaintiff).

DALY, J. This is an appeal from the trial court's denial of the defendant John T. O'Reilly's[1] motion filed pursuant to General Statutes § 49-15, to reopen the judgment of strict foreclosure and extend the law date. The defendant claims that in denying the motion, the trial court improperly failed (1) to consider the parties' agreement for a lengthy and renewable law date, (2) to consider the reasons underlying the trial court's decisions to order previous extensions, and (3) to permit the defendant to testify about his ability to redeem. The plaintiff claims that this court lacks jurisdiction because the appeal is moot.

The following facts are relevant to the disposition of this appeal. On January 27, 1989, Martin Frimberger and the defendant executed a promissory note and mortgage deed in favor of the Brooklyn Savings Bank in the amount of $380,000 on investment property located in Canterbury. On October 24, 1989, the Brooklyn Savings Bank instituted foreclosure proceedings. The parties agreed that the defendant would not oppose foreclosure proceedings provided that the law date was set far enough into the future to allow the defendant the opportunity to obtain financing and to avoid foreclosure. On September 10, 1990, the trial court rendered a judgment of strict foreclosure and by agreement of the parties the court set a law date of February 26, 1991. On February 25, 1991, the law date was extended to May 28, 1991, pursuant to the defendant's request in his motion to open the judgment. The trial court, *Potter, J.*, subsequently extended the law date three more times to July 29, 1991, to October 28, 1991, and finally to January 27, 1992. On August 5, 1991, the trial court granted a motion to substitute the Federal Deposit Insurance Corporation (FDIC) for the plaintiff Brooklyn Savings Bank because the FDIC was

---

[1] Because the named defendant did not appeal, defendant refers in this opinion to the appellant John T. O'Reilly.

the successor in interest to the Brooklyn Savings Bank. The date of reversion was to be January 29, 1992. On January 21, 1992, the defendant filed a motion to reopen the judgment and extend the law day for an additional ninety days. The trial court, *Sferrazza, J.*, denied the motion on January 27, 1992, and this appeal was taken on January 31, 1992.

## I

We first consider the plaintiff's claim that this appeal is moot. It argues that General Statutes § 49-15 prescribes that title to the investment property became absolute in the plaintiff on January 29, 1992, when the defendant failed to redeem. We disagree.

Section 49-15 sets forth the statutory right to file a written motion to reopen a judgment of foreclosure. The defendant moved to reopen the foreclosure judgment and extend the law day on January 21, 1992. The motion was denied on January 27 and written notice of this decision was sent to the parties on January 30, 1992. The defendant filed a timely appeal in accordance with Practice Book § 4009[2] on January 31, 1992, well within the twenty day period from the issuance of the notice of the trial court's denial of the motion.

The defendant challenges the trial court's order denying his motion to reopen the judgment and extend the law date so as to provide the defendant with more time to arrange financing. The defendant does not challenge the trial court's original judgment of strict foreclosure. Because the trial court denied the defendant's motion to reopen the judgment, the defendant is prohibited

---

[2] Practice Book § 4009 provides in pertinent part: "The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 4012 . . . ."

from filing another motion to reopen judgment and extend the law day. Thus, the denial of the motion constitutes an appealable final judgment under Practice Book § 4009 because it is a final adjudication of the merits of this case. See *Morelli* v. *Manpower, Inc.*, 29 Conn. App. 132, 137, 612 A.2d 818 (1992).

It is important to note that the mere filing of a motion to reopen the judgment does not result in an automatic stay. *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 349, 579 A.2d 1054 (1990). Rather, it is the trial court's decision denying the defendant's motion to reopen the judgment that resulted in the entry of an appealable final judgment invoking the automatic stay under § 4046.[3] Thus, an automatic stay went into effect when the court rendered its decision on the motion, not when the motion to reopen the judgment was filed. The stay remains in effect until the disposition of this appeal because the defendant's appeal was timely filed during the appeal period on January 31, 1992. See Practice Book § 4009. The trial court did not order a termination of the automatic stay, nor did the plaintiff move for a termination under § 4046.

Had the automatic stay provided for in § 4046 been terminated, the outcome of this case may have been different. Thus, this case differs from *Barclays Bank of New York* v. *Ivler*, 20 Conn. App. 163, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989), on which the plaintiff relies. In that case, the trial court had terminated the automatic stay in effect after the timely appeal had been filed. By the time the defendant's appeal was disposed of by this court, the law date had passed, the defendant had failed to redeem, the "defendant's equity of redemption was extinguished,

---

[3] Practice Book § 4046 provides in pertinent part: "In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired . . . ."

and title to the property vested absolutely in the plaintiff . . . ." Id., 167. In *Barclays Bank,* the stay was no longer in effect to prevent the vesting of the title to the property before the appeal's disposition. In the present case, the automatic stay has not been terminated and, therefore, the defendant's appeal is not moot.

## II

We now turn to the defendant's claims. The defendant claims that the trial court improperly failed to give due deference to the parties' original agreement to allow a long period of time before the law date and to the trial court's reasons for granting previous extensions.

" 'A motion to open a judgment of strict foreclosure is addressed to the discretion of the trial court; see General Statutes § 49-15; and unless that discretion was abused or was based upon some error in law, the denial of the motion must stand.' . . ." *Centerbank* v. *Connell,* 29 Conn. App. 508, 510, 616 A.2d 282 (1992), quoting *New Haven Savings Bank* v. *Gurland,* 3 Conn. App. 508, 508–509, 489 A.2d 1070 (1985).

Before granting the fourth request for an extension, the trial court, *Potter, J.,* stated, "I am willing to give the defendant, O'Reilly, one more chance to move the property and thus I will open the judgment and I will extend the law days to January 27, 1992, and subsequent days. But, Mr. Davis, I say to you now, I give you fair warning now, sir—that it will require a substantial change of circumstances for me to grant an additional extension in January." There is no indication that a substantial change in circumstances had occurred between the time of the trial court's order in October, 1991, and the trial court's decision not to

reopen the judgment in January, 1992.[4] Furthermore, the defendant did not establish that the agreement between the parties to provide the defendant the opportunity to arrange refinancing through the setting of a distant law date contemplated five extensions of the law date. The trial court had before it all of the facts relating to the previous extensions. Thus, on January 27, 1992, the trial court found that after four extensions of the law date, the foreclosure should be concluded because the FDIC was entitled to a finality to the proceedings. The trial court did not abuse its discretion when it denied the defendant's motion.

The defendant also claims that the trial court improperly denied him the opportunity to present testimony. The record is devoid of any indication that the defendant requested the opportunity to present testimony in the trial court on this matter. The defendant has failed to provide this court with an adequate record for review on this issue, and for this reason we need not consider this claim. *Robert S. Weiss & Co.* v. *Mullins,* 196 Conn. 614, 622, 495 A.2d 1006 (1985); *Kaplan* v. *Kaplan,* 186 Conn. 387, 388 n.1, 441 A.2d 629 (1982). It is nevertheless evident from the transcript that the defendant's counsel adequately summarized the defendant's position before the trial court.

In light of these circumstances, we are not persuaded that the trial court abused its discretion in refusing

---

[4] At the January 27, 1992 hearing, the trial court stated that it found that the defendant was not on the verge of executing a financial agreement. It is also interesting to note that the defendant's motion to reopen the judgment and extend the law date, filed on January 21, 1992, specified the same reason for an extension in the exact same language of the four previous motions. In each of his motions to reopen the judgment of strict foreclosure and extend the law date, the defendant asked that the trial court grant the motion "because [the defendant] is in the process of refinancing and requires the additional time to obtain the commitment from a lender."

to reopen the judgment of foreclosure and to extend the law date a fifth time.

The judgment is affirmed and the case is remanded for the purpose of setting a new law date.

In this opinion the other judges concurred.