[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT OF STRICT FORECLOSURE OF MORTGAGES
On June 12, 1992, the plaintiff, Farmers Mechanics Bank, mortgagee, filed a two count complaint against the defendant, Allen Cohen, mortgagor, seeking strict foreclosure on two mortgages secured by the same parcels of property known as 15, 23 and 23 Summer Street, Portland, Connecticut. The first mortgage deed was recorded on November 4, 1986, to secure a mortgage note in the amount of $750,000.00. The second mortgage deed was recorded on May 31, 1988, to secure a mortgage note in the amount of $165,000.00. A prior municipal was recorded on November 1, 1986, by the town of Portland, for an assessment of benefits to the defendant for the installation of a sewer system in the amount of $3,000.00. There are no intermediate, junior encumbrances of record involved with the subject property.
On June 9, 1992, William E. Wrang, Deputy Sheriff, filed the plaintiff's original notice of lis pendens with Bernadette M. Dillon, Town Clerk for the Town of Portland. On the same date, the sheriff left a copy of the original notice of lis pendens with the defendant.
On August 26, 1992, Judge O'Connell granted the plaintiff's motion for default based on the defendant's failure to disclose a defense, pursuant to Practice Book Sec. 236.[1]
On November 19, 1992, the defendant filed with the court a motion for judgment of strict foreclosure. On December 21, 1992, the matter was heard.
In Connecticut practice, a party is entitled to pursue his or her remedy at law on a promissory note, or to pursue his or her remedy in equity by foreclosing the mortgage CT Page 1456 security. Hartford National Bank Trust Co. v. Kotkin,185 Conn. 579, 581-82, 441 A.2d 953 (1981). "Under our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity unless the mortgagor satisfies the debt on or before his law day." (Citation omitted.) Barclays Bank of New York v. Ivler, 20 Conn. App. 163, 166,565 A.2d 252 (1989). "In Connecticut, a mortgagee has legal title to the mortgaged property and the mortgagor has equitable title, called the equity of redemption." (Citation omitted.) Id. "The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the payment of money." (Citation omitted.) Id. The decree of foreclosure becomes absolute after law day, which cuts off the right to redeem. Id. Because foreclosure is equitable, the courts have recognized that certain circumstances permit flexibility. See Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946 (1980) (where the court held that it has discretion to withhold foreclosure or to reduce the amount of indebtedness); see also Milestan v. Tisi, 140 Conn. 464, 473, 101 A.2d 504 (1953) (where the court held that payments made upon a mortgage debt pursuant to an agreement and subsequent to the date title vested by foreclosure in the mortgagee operated to rehabilitate the mortgagor's right to redeem as fully as if the judgment of foreclosure had never been had).
The present issue before the court is whether the plaintiff can bring one action for strict foreclosure on two mortgages.
General Statutes Sec. 52-104 provides
 [a]ll persons may be joined in one action as plaintiffs in whom any right of relief in respect to or arising out of the same transaction or series of transactions is alleged to exist either jointly or severally when, if such persons brought separate actions, any common question of law or fact would arise; provided, if, upon the motion of any party, it would appear that the joinder might embarrass or delay the trial of the action, the court may order separate trials, CT Page 1457 or make such order as may be expedient, and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled. If two or more persons are joined as plaintiffs in an action, there shall be only one entry fee, one jury fee, if claimed for jury trial, and such other costs as may by rule be prescribed.
General Statutes Sec. 52-104. Practice Book Sec. 113 provides in pertinent part that
 [i]n any civil action the plaintiff may include in his complaint both legal and equitable rights and causes of action, and demand both legal and equitable remedies; but, if several causes of action are united in the same complaint, they shall be brought to recover, either . . . upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action. The several causes of action so united shall all belong to one of these classes, and, except in an action for the foreclosure of a mortgage or lien, shall affect all the parties to the action, and not require different places of trial, and shall be separately state. . . .
There exists no Connecticut statutory authority or case law which carves out an exception which would prohibit joinder or claims or plaintiffs within a strict foreclosure action. "[T]he modern concept favors determination of related matters in a single action." (Citation omitted.) Buchman v. Taylor, 151 Conn. 209, 212, 196 A.2d 111 (1963). The intent of General Statutes Sec. 52-104 and Practice Book Sec. 133 is to allow the joinder of actions where the separate claims involve the same parties and the same transaction or series of transactions. In the present, the plaintiff, mortgagee, and the defendant, mortgagor, are the same parties to both transactions which were secured by a mortgage deed involving the same subject property. The present strict foreclosure action CT Page 1458 falls within the provisions of General Statutes Sec. 52-104
and Practice Book Sec. 133 which permits joinder of actions.
As discussed in the plaintiff's memorandum of law, filed on December 18, 1992, in 1809, the Connecticut Supreme Court of Errors, in Phelps v. Ellsworth, upheld the practice of foreclosing upon two mortgages in a consolidated action where the parties and the mortgaged property were essentially the same in both transactions. Phelps v. Ellsworth, 3 Day 397 (1809). Even though the decision by the Phelps court was rendered 184 years previous to the present action, it is still viable and controlling authority. Although the decision in Phelps court has only been cited in three subsequent Connecticut decisions, i.e.; Frink v. Branch. 16 Conn. 260, 265, 274 (1844); Rowan v. Sharps' Rifle Mfg. Co., 29 Conn. 282, 324
(1860); and Savings Bank of New London v. Santaniello,130 Conn. 206, 211, 33 A.2d 126 (1943), modern legal commentators recognize the benefits of allowing joinder of an action for strict foreclosure on two or more mortgages between the same parties involving the same mortgaged property where there exists no intermediate, junior encumbrances.
As stated in Caron's Connecticut Foreclosures,
 [a]ny mortgage deed appearing of record that is subsequent in right to the foreclosing encumbrancer should have its grantee named as a defendant. While this concept seldom presents any problems, difficulties may arise when the foreclosing mortgagee also holds another mortgage on the same property. The issue then becomes one of deciding whether the plaintiff should foreclose both mortgages or should name itself as a defendant by virtue of its second mortgage. Generally, the controlling factor is whether the two mortgages are immediately successive on the land records, or whether another encumbrance intervenes to separate them. If the former, it would be proper to foreclose on both mortgages as part of the same complaint; if the latter, the more manageable procedure is to foreclosure the first mortgage and to make the plaintiff a defendant as to the second mortgage. This CT Page 1459 observation is generally valid when a strict foreclosure is anticipated, since serious redemption complications would arise as to the intervening encumbrancer.
D. Caron, Connecticut Foreclosures, Sec. 4.04A. (2d ed.). As stated in Wiltsie's Real Property Mortgage Foreclosure, "[g]enerally, where a person holds two or more mortgages upon the same premises they may properly and should both be set out in the complaint and foreclosed in the same action, only one suit to foreclose both being proper." C. Wiltsie, Real Property Mortgage Foreclosure, Sec. 507 (5th ed.).
The present case involves facts that the aforementioned legal treatises conclude should be brought in a consolidated action. In the present case, the parties to the transaction are the same, the mortgaged property is the same, and there are no intervening encumbrances of record.
Although there are no recent Connecticut decisions on point, there are analogous Connecticut court decisions unholding consolidation of actions dealing with property matters. Padula v. Padula, 138 Conn. 102, 110-11, 82 A.2d 362
(1951) (where the court held that there is no misjoinder in an action to remove cloud on title where the first count alleged title in one plaintiff and the second count in another plaintiff); Town of Southington v. Kass, 7 Conn. Sup. 16, 18 (C.P 1939) (where the court held that a municipality was entitled in one action to strict foreclosure against the title holder and administrator of the mortgagee and to recovery against the former owner for prior taxes owed); and First Connecticut Small Business Investment Co.v. Hoffman, 28 Conn. Sup. 451,455-60, 265 A.2d 508 (Super.Ct. 1970) (where the court held that to construe a statute [General Statutes Sec. 52-19 was repealed effective July 1, 1978] as requiring foreclosure in separate counties, when the parcels of land lie in different counties, would violate judicial policy against multiple suits).
Contrary Connecticut decisions exist holding that certain related matters may not be properly joined in a single action. Raffel v. Brodman, 7 Conn. Sup. 483, 484 (Super.Ct. 1939) (where the court held that causes of action for trespass and quiet title may not properly be joined); and Northrop v. Town of Clinton, 14 Conn. Sup. 28, 29-30 (Super.Ct. 1946) CT Page 1460 (where the court held that an action was misjoined where two counts did not affect the same parties).
Finally, the court has discretion to consolidate or sever the present strict foreclosure action. Rode v. Adley Express Co., Inc., 130 Conn. 274, 277, 33 A.2d 329 (1943) (where the court held that it has the inherent power to consolidate causes of action); Alpha Crane Service, Inc. v. Capitol Crane Co., 6 Conn. App. 60, 68, 504 A.2d 1376 (1986), cert. denied, 199 Conn. 808, 508 A.2d 769 (1986) (where the court held that it has the inherent power to also sever causes of action). Practice Book Sec. 133 provides in relevant part that
 if it appears to the court that [the causes of action] cannot all be conveniently heard together, the court may order a separate trial of any such cause of action or may direct that any one or more of them be deleted from the complaint or answer.
 As stated in FitzGerald and Yules' Connecticut Trial Practice, "[v]arious sections of the Connecticut General Statute [General Statutes Secs. 52-102a; 52-104 and 52-205] and the Connecticut Practice Book [Practice Book Secs. 84; 117; 283 and 284] permit the separation of issues and/or parties for trial." J. FitzGerald and R. Yules, Connecticut Trial Practice, Sec. 2.15 (1987 ed.). Though the court has the discretion to sever the present strict foreclosure action, joinder of the action, under the limited exception and circumstances where there exists no intermediate, junior encumbrances, would save time, effort and expense for all. See Groth v. Redmond, 24 Conn. Sup. 467, 469, 194 A.2d 531 (Super.Ct. 1962).
 Based on the aforementioned discussion, the court concludes that it should allow the joinder of the present strict foreclosure action because it would promote judicial economy and would not affect the property rights of any subsequent security interests or lien holders.
 Accordingly, judgment of strict foreclosure is hereby entered. As of December 11, 1992, the value of the property is found to be $555,000; the aggregate debt duel CT Page 1461 the plaintiff is $1,092,295.40. An appraisal fee is, allowed in the amount of $3,500 and attorney's fees in the amount of $2,150. The law day for the owner of the Equity of Redemption is set for March 8, 1993 and subsequent days for Junior Encumbrances in the inverse order of priority.
It is so ordered.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk