[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: DEFENDANT'S MOTION TO STRIKE
On October 18, 1993, the plaintiff, Arthur Klein, filed a five count revised complaint against the defendant, Dan Willocks. The plaintiff alleges the following facts. On February 28, 1983, the plaintiff entered into an agreement with a real estate company to sell his property located in Jamaica. On June 26, 1983, the plaintiff entered into an agreement to sell the Jamaica property to Cecil Davis. On August 23, 1983, the defendant notified the plaintiff of his desire to purchase the property. The plaintiff rescinded the offer to Cecil Davis and accepted the defendant's down payment. The plaintiff and defendant entered into a written agreement to sell the Jamaica property for $20,000. On April 24, 1986, the defendant notified the plaintiff that as result of an August, 1983 seizure of $27,000 by the police, he could not consummate the transaction. In July, 1986, the defendant recovered the $27,000.
In count one, the plaintiff alleges that the defendant CT Page 11319 fraudulently induced the plaintiff to revoke an existing agreement and enter into a new agreement with the defendant. In count two, the plaintiff alleges that the defendant fraudulently failed to disclose that he had recovered the $27,000. In count three, the plaintiff alleges that the defendant fraudulently induced the plaintiff to pay real estate taxes and commission. In count four, the plaintiff alleges that the defendant fraudulently induced the plaintiff not to sell his Jamaica property for a period of two years. In count five, the plaintiff alleges vexatious litigation.
On June 6, 1990, the defendant moved to dismiss the present action on the ground of the prior pending action doctrine. The court, Thompson, J., denied the motion on the condition that the plaintiff would withdraw his counterclaim in the prior action. On June 26, 1990, the plaintiff withdrew his counterclaim in the prior action.
On July 11, 1994, the defendant moved to strike all five counts of the plaintiff's complaint on the ground that counts one through four are barred by the statute of limitations and count five is legally insufficient. Pursuant to Practice Book § 155, the defendant filed a memorandum of support of his motion to strike. The plaintiff has timely filed a memorandum in opposition to the motion to strike.
LAW
"`The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCInc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "`In ruling on a motion to strike, the court is limited to the facts alleged in the complaint.'" Id., 215. Furthermore, "`[t]he court must construe the facts in the complaint most favorably to the plaintiff.'" Id. A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
The defendant moves to strike counts one through four of the plaintiffs' complaint on the ground that the claims are barred by the statute of limitations, General Statutes § 52-577. The plaintiff argues that the statute of limitations must be CT Page 11320 specially pleaded. The plaintiff argues further that even if the statute of limitations does not have to be specially pleaded, the relation back doctrine saves the claims.
"A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike . . . . The advantage of the statute of limitations cannot be taken by [a motion to strike] . . . ." (Citations omitted; internal quotation marks omitted.) Forbes v.Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993).
 A motion to strike might . . . deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense . . . . In two limited situations, however, we will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when the parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by a [motion to strike] instead of by answer . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of liability itself as created, and not of the remedy alone.
(Citations omitted; internal quotation marks omitted.) Id., 239-40.
Where the parties agree that all facts necessary to the determination of whether the statute of limitations applies are set forth in the complaint, "there [is] no need to wait for an answer to determine if the statute of limitations defense could be avoided if the answer could provide no new information." Id., 240. CT Page 11321
In the present case, the plaintiff argues that there are facts regarding another case between the parties that are necessary to show that his claims are not time-barred. Since the parties have not agreed on all the facts necessary to the determination of whether the statute of limitations defense bars the plaintiff's claims, the defense should be specially pleaded. Therefore, the motion to strike on this ground is denied.
The defendant argues, in the alternative, that count two is legally insufficient in that it fails to state a claim for fraud by disclosure.
"Usually, mere nondisclosure does not amount to fraud . . . . Nondisclosure may, however, amount to fraud when there is a failure to disclose known facts under circumstances that impose a duty to speak." (Citations omitted.) Bernard v. Gershman,18 Conn. App. 652, 656, 559 A.2d 1171 (1989). The essential elements of an action in fraud are (1) that a false representation was made as a statement of fact, (2) that it was untrue and known to be untrue by the party making it, (3) that it was made to induce the other party to act on it, and (4) that the latter did so act on it to his injury." Id. "Fraud by nondisclosure, which expands on the first three of these four elements, involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there is a duty to speak." Gelinas v.Gelinas, 20 Conn. App. 167, 173, 522 A.2d 295, cert. denied,204 Conn. 802, 525 A.2d 965 (1987).
In the present case, the plaintiff alleges in count two that the defendant failed to inform the plaintiff that he had recovered the $27,000, which had been seized by the government. The plaintiff does not allege any facts that would give rise to a duty to disclose this information to the plaintiff. The plaintiff has failed to allege sufficient facts to establish a claim of fraud by nondisclosure and, therefore, the motion to strike count two is granted on this ground.
The defendant also argues that count five is legally insufficient in that the plaintiff has not alleged the necessary elements for a claim of vexatious litigation. The plaintiff argues that count five is sufficient because the prior action did terminate in favor of the plaintiff.
"[A] claim for vexatious litigations requiries [requires] a CT Page 11322 plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor." Blake v. Levy, 191 Conn. 257, 263,464 A.2d 52 (1983).
In the present case, the plaintiff alleges that the defendant requested the court to impose an order of attachment in the amount of $5,000 on the plaintiff's house. The plaintiff alleges that he moved to vacate the attachment, but that the motion was denied. The plaintiff has not alleged that the prior suit terminated in his favor. Count five is legally insufficient and, therefore, the motion to strike count five is granted.
LAWRENCE L. HAUSER, JUDGE