[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE DENIALS (#132) ANDDEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO SET ASIDE DENIALS (#133)
Cannon 3 (Code of Judicial Conduct) (4) mandates:
 "A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, . . . ."
Cannon (5) mandates:
 "A judge should dispose promptly of the business of the court."
This case was presented to a jury and they returned answers to interrogatories I finding that the accident was caused in substantial part by the negligence of the plaintiff.; The jury found the plaintiff to be 85% negligent and the defendant to be 15% negligent. The jury returned a verdict for the defendant as directed by the court.
C.G.S. § 52-572h allows for recovery of damages from personal injury "if the negligence (of the plaintiff) was not greater than the . . . combined negligence of the person or persons against whom recovery is sought."
The interrogators and verdict returned by the jury by statutory mandate permit no recovery.
In a "Memorandum of Decision" dated and filed on October 6, CT Page 894 1995 this court ruled on plaintiff's motions for; (1) extension of time, and (2) set aside verdict plus defendant's objection thereto.
Apparently on October 16, 1995 plaintiff filed a "Motion To Set Aside Denials." That document was returned to plaintiff by the clerk stating in part:
"(x) Papers cannot be filed due to deficiency indicated:
(x) Certification required (P.B. Sec. 120 and 399)
(x) Order required (P.B. Sec. 196 and 399).
 Returned by: (initials) Date: 10/25/95
 Please note: Failure to comply with P.B. Sec. 119 may result in a delay in returning papers."
Plaintiff again filed his "Motion to Set Aside Denials" on November 2, 1995 with a proper order and certification. (see item #132)
Defendant objected to this motion to set aside denials on November 17, 1995 and filed a brief addressing the plaintiff's motion and procedure.
The court assigned a hearing date, that was cancelled due to the weather. It was reassigned and heard on January 22, 1996. This hearing was afforded the plaintiff because of the liberal mandates of the code of judicial conduct above quoted.
The plaintiff was heard on his motion. The plaintiff presented no specific, substantial or new reasons not presented before the court's decision of October 6, 1995. Plaintiff presented at this hearing collateral issues beyond the parameters of the issues before the court.
It is the defendant's position that because the court denied the motion to set aside the verdict the plaintiff is prohibited from filing another motion to set aside the verdict.
 "Thus, the denial of the motion constitutes an appealable final judgment . . . because it is a final adjudication of the merits of CT Page 895 this case." Brooklyn Savings Bank v. Frimberger, 29 Conn. App. 630, 631 (1992).
 "When the court filed its memorandum of decision. . ., that was the judgment of the court and fixed the date for an appeal." Sisk v. Meagher, 82 Conn. 376, 377 (1909).
This motion to set aside denials (#132) is denied.
Defendant's objection to plaintiff's motion to set aside denials is sustained.
Defendant's prayer for attorney's fees and costs in objecting to plaintiff's motion is granted. Defendant's attorney stated she spent four hours in preparation, travel and appearance at court. Her rate is $190.00 an hour. The court orders plaintiff to compensate defendant in the amount of $600.00 for this unnecessary court appearance.
The court has no control over plaintiff's fee arrangement with his attorneys or his compensation coverage with his carrier or the second injury fund or expenses or taxable costs.
John N. Reynolds State Trial Referee