[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO COMPEL RELEASE OF CERTIFICATE OF FORECLOSURE
On June 16, 1995, the plaintiff instituted this foreclosure action. The relevant procedural history of the case is as follows:
On April 16, 1997, the plaintiff filed a motion for default for failure of the defendant to appear. On that same date, the court, granted the motion for default and entered a judgment of strict foreclosure in the plaintiff's favor, with law days to commence on August 25, 1997. On July 10, 1997, the defendant filed a motion to reopen the judgment of strict foreclosure. The motion to reopen was denied by the court, on July 28, 1997.
On August 13, 1997, the defendant appealed the denial of the motion to reopen judgment. On November 26, 1997, the plaintiff filed a motion to dismiss the appeal "on the ground that it was untimely." Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Release of Foreclosure Certificate, p. 2. On January 7, 1998, the Appellate Court granted the motion to dismiss.
On January 12, 1998, the plaintiff filed a motion to fix new law days, and on January 26, 1998, the court, granted the motion, with law days to commence on March 23, 1998. On March 6, 1998, the defendant appealed the order of the court fixing new law days.
On March 19, 1998, the plaintiff filed a motion to dismiss the appeal of the court's order fixing new law days "on the principal CT Page 8515 ground that [its own] January 12 motion to set new law days was superfluous and erroneous, because title had already vested in the plaintiff." Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Release of Foreclosure Certificate, p. 2.
On March 20, 1998, the defendant filed a motion to compel the plaintiff to release the certificate of foreclosure it recorded on the land records of the Town of Southbury on March 16, 1998.[1]
By a corrected order dated April 28, 1998, the Appellate Court granted the plaintiff's motion to dismiss the appeal of the Superior Court's January 26, 1998 order fixing new law days.
On June 22, 1998, the defendant again filed a motion to compel the plaintiff to release the certificate of foreclosure, along with an accompanying memorandum. On June 26, 1998, the plaintiff filed a memorandum in opposition to the motion to compel the release of the foreclosure certificate.
General Statutes § 49-15[2] provides the statutory right to file a motion to reopen a judgment of strict foreclosure. In addition, pursuant to Practice Book § 4009, now Practice Book (1998 Rev.) § 63-1,[3] a party wishing to appeal a judgment or decision has twenty days from the date of notice of the judgment or decision in which to file such appeal. Practice Book § 63-1(a). Practice Book § 4046, now Practice Book (1998 Rev.) § 61-11, provides that "[i]n all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause; and, if the case goes to judgment on appeal, until ten days after the decision is officially released as set forth in Section 71-4."
The defendant argues that the plaintiff's filing of the certificate of foreclosure was improper because there was no transfer of title to the plaintiff. According to the defendant, at the time of the purported transfer, on August 26, 1997, the appeal of the denial of the motion to reopen judgment was pending and the appropriate stays pursuant to Practice Book § 61-11 were in effect. CT Page 8516
The plaintiff, relying on Farmers Mechanics Bank v.Kneller, 40 Conn. App. 115, 670 A.2d 324 (1996), argues that the defendant's failure to file his motion to reopen within the requisite twenty day period of the notice of the judgment of foreclosure precluded a stay of the law days, and no case remained in the Superior Court after August 26, 1997. Therefore, title vested in the plaintiff on that date.
Brooklyn Savings Bank v. Frimberger, 29 Conn. App. 628,617 A.2d 462 (1992), demonstrates that the defendant is correct that an automatic stay arose upon the defendant's appeal of the court's denial of the motion to reopen. The pertinent facts ofBrooklyn Savings Bank v. Frimberger, supra, 29 Conn. App. 629-30, parallel those of the instant matter:
The trial court rendered a judgment of strict foreclosure on September 10, 1990, and set a law date of February 26, 1991. On February 25, 1991, the court granted the defendant's motion to reopen the judgment to extend the law date to May 28, 1991. Subsequently, the court extended the law date three more times, with the final date set as January 27, 1992, and January 29, 1992 as the date of reversion. On January 21, 1992, the defendant filed a motion to reopen the judgment and extend the law day for an additional ninety days. The court denied the motion on January 27, 1992, and the defendant appealed on January 31, 1992.
On appeal the plaintiff argued that the appeal was moot since title to the property became absolute in the plaintiff on January 29, 1992, when the defendant failed to redeem. The Appellate Court disagreed. The Court held that "[b]ecause the trial court denied the defendant's motion to reopen the judgment, the defendant is prohibited from filing another motion to reopen judgment and extend the law day. Thus, the denial of the motion constitutes an appealable final judgment under Practice Book § [63-1] because it is a final adjudication of the merits of [the] case." Brooklyn Savings Bank v. Frimberger, supra,29 Conn. App. 630-31. The Court recognized that "[i]t is important to note that the mere filing of a motion to reopen the judgment does not result in an automatic stay. Farmers Mechanics SavingsBank v. Sullivan, 216 Conn. 341, 349, 579 A.2d 1054 (1990). Rather, it is the trial court's decision denying the defendant's motion to reopen the judgment that resulted in the entry of an appealable final judgment invoking the automatic stay under § [61-11]. Thus, an automatic stay went into effect CT Page 8517 when the court rendered its decision on the motion, not when the motion to reopen the judgment was filed. The stay remain[ed] in effect until the disposition of th[e] appeal because the defendant's appeal was timely filed during the appeal period on January 31, 1992. See Practice Book § [63-1]. The trial court did not order a termination of the automatic stay, nor did the plaintiff move for a termination under § [61-11]."Brooklyn Savings Bank v. Frimberger, supra, 29 Conn. App. 631.
Similarly here, the court, entered judgment of strict foreclosure on April 16, 1997, and the defendant filed his motion to reopen the judgment of strict foreclosure on July 10, 1997. The court denied the motion to reopen on July 28, 1997. Thereafter, on August 13, 1997, the defendant filed a timely appeal in accordance with Practice Book § 63-1, within twenty-days from the date of notice of the denial of the motion, and the appeal remained pending through the law days, which were to commence on August 25, 1997. The plaintiff did not move for a termination of the stay under Practice Book § 61-11, and no termination was ordered by the court.
The defendant's reliance on Farmers Mechanics Bankv. Kneller, supra, is misplaced since the facts are distinguishable from the present matter. The Court in Kneller
based its decision on the fact that the defendant failed to secure a hearing date before the law days passed. It is clear that no automatic stay results from the mere filing of a motion to reopen after the period for appeal of the judgment of strict foreclosure has expired, and the passing of law days before the motion has been heard or decided may vest title to the property in the plaintiff if the defendant fails to redeem. See Farmers Mechanics Bank v. Sullivan, 216 Conn. 341, 349, 579 A.2d 1054
(1990); Farmers Mechanics Bank v. Kneller, supra,40 Conn. App. 122-24; D. Caron, Connecticut Foreclosures (2d Ed. 1989 Sup. 1993) §§ 9.01A, 9.01C. In contrast, the defendants in both the present matter and Brooklyn Savings Bank v. Frimberger
secured a hearing date and timely appealed the denial of the motion before the law days passed. Where, as here, the motion to reopen is timely filed (albeit subsequent to the expiration of the time to appeal the judgment of foreclosure), heard, decided and appealed prior to the commencement of the law days, an automatic stay of the law days ensues under Practice Book §61-11 by virtue of the appeal. See Brooklyn Savings Bank v.Frimberger, supra, 29 Conn. App. 630-32; Practice Book §61-11 ("In all actions, . . . proceedings to enforce or carry CT Page 8518 out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . .").
The motion to reopen was timely filed, heard, decided and appealed prior to the commencement of the law days. An automatic stay of the law days came into effect pursuant to Practice Book § 61-11. Therefore, the defendant's motion to compel the plaintiff release the certificate of foreclosure is granted. A new law days should be fixed.
Curran, J.