******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CITIGROUP GLOBAL MARKETS REALTY
CORPORATION *v.* JAMES E.
CHRISTIANSEN ET AL.
(AC 38637)

DiPentima, C. J., and Alvord, Prescott and Mullins, Js.

*Considered January 13—officially released March 8, 2016*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Mintz, J.)

*Jeffrey M. Knickerbocker*, in support of the motion.

*Opinion*

PRESCOTT, J. The substituted plaintiff, Mid Pac Portfolio, LLC,[1] filed a motion to dismiss the appeal of the defendant James E. Christiansen[2] from the judgment of the trial court denying his third motion to open the judgment of strict foreclosure and from the foreclosure judgment. The plaintiff argues that this appeal is moot because the denial of the defendant's third motion to open did not stay the running of the law days and, thus, title to the subject property has vested in the plaintiff. We agree with the plaintiff that this court can provide no practical relief on appeal, and, therefore, we grant the plaintiff's motion to dismiss and dismiss the appeal as moot.

The following facts are relevant to our resolution of this issue. The defendant and Cielo Christiansen owned real property in Greenwich encumbered by a mortgage that had been assigned to the original plaintiff, Citigroup Global Markets Realty Corporation (Citigroup), as of the commencement of the action. Citigroup brought this action to foreclose its mortgage on the basis of the failure of the defendant and Cielo Christiansen to meet their payment obligations on the underlying note. A default for failure to file a responsive pleading was entered against the defendant.[3]

On January 20, 2009, the court rendered a judgment of strict foreclosure with a law day of April 7, 2009. The judgment was opened and the law day extended five times over the six years that followed the initial judgment of strict foreclosure as a consequence of five bankruptcy petitions filed by the defendant and Cielo Christiansen. After the bankruptcy court granted the plaintiff's motion for relief from the stay arising from the defendant's most recent bankruptcy petition, the plaintiff moved to open and reenter the judgment of strict foreclosure. The court granted that motion to open on May 26, 2015, rendered a judgment of strict foreclosure, and set a law day of August 25, 2015.

The defendant filed three consecutive motions to open the judgment and to extend the law day after the May 26, 2015 judgment of strict foreclosure. The court denied all three of those motions to open. The court denied the defendant's first motion to open on August 24, 2015, but the court, sua sponte, opened the judgment and extended the law day to September 29, 2015.[4] The court denied the defendant's second motion to open on September 28, 2015, but the court again, sua sponte, opened the judgment and extended the law day to December 1, 2015. The defendant filed his third motion to open on November 16, 2015, and the court denied that motion to open on November 30, 2015. The court in its November 30, 2015 order did not reschedule the law day set to run on December 1, 2015.[5]

The defendant filed this appeal on November 30, 2015.

He did not exercise his right of redemption on the December 1, 2015 law day.[6] On December 9, 2015, the plaintiff moved to dismiss this appeal as moot.[7] The defendant did not file a response to the motion to dismiss. The plaintiff argues that the court's denial of the defendant's third motion to open did not stay the running of the law day, that title to the property accordingly has vested in the plaintiff, and that there is no relief that this court can afford the defendant. We agree with the plaintiff.

The question of mootness implicates our subject matter jurisdiction. "When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . Mootness implicates this court's subject matter jurisdiction, raising a question of law over which we exercise plenary review." (Citation omitted; internal quotation marks omitted.) *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 679–80, 899 A.2d 586 (2006). This appeal was filed one day before the defendant's law day was scheduled to run. The question we must first address, then, is whether the law day ran as scheduled and title vested in the plaintiff.

We conclude that no automatic appellate stay arose upon the court's denial of the defendant's third motion to open and the filing of the appeal therefrom. Prior to October, 2013, a defendant in a foreclosure action could employ consecutive motions to open the judgment in tandem with Practice Book §§ 61-11 and 61-14 "to create almost the perfect perpetual motion machine." (Internal quotation marks omitted.) *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, 112 Conn. App. 750, 762, 966 A.2d 239 (2009). Prior to October, 2013, a court's denial of a motion to open a judgment of strict foreclosure automatically stayed the running of the law days until the twenty-day period in which to file an appeal from that ruling had expired, and, if an appeal was filed, that initial appellate stay continued until there was a final determination of the appeal.

Practice Book § 61-11 was amended effective October 1, 2013, however, to address this problem by the addition of subsections (g) and (h). Practice Book § 61-11 (g) applies in this appeal and provides in relevant part: "In any action for foreclosure in which the owner of the equity has filed, and the court has denied, at least two prior motions to open or other similar motion, no automatic stay shall arise upon the court's denial of any subsequent contested motion by that party, unless the party certifies under oath, in an affidavit accompanying the motion, that the motion was filed for good cause arising after the court's ruling on the party's most recent motion. . . ."

The defendant's third motion to open, filed on November 16, 2015, did not have an accompanying affi-

davit, and, thus, the motion did not meet the require-
ment contained in § 61-11 (g) to set forth a good cause
that arose after the court's ruling on the defendant's
most recent motion. As was the case with the prior two
motions, the defendant's third motion to open sought
an extension of the law day as he and Cielo Christiansen
pursued alternatives to foreclosure.[8] Under § 61-11 (g),
the denial of that motion to open on November 30, 2015,
did not create an automatic appellate stay. Because the
defendant failed to exercise his right of redemption on
his law day, title to the property vested in the plaintiff
after the close of business on December 1, 2015.

This appeal is moot, because, upon the vesting of
title to the property, there is no longer any relief that
this court can afford the defendant from the denial of
his third motion to open the judgment. In this regard,
we are guided by our decisions in *Barclays Bank of
New York* v. *Ivler*, 20 Conn. App. 163, 565 A.2d 252,
cert. denied, 213 Conn. 809, 568 A.2d 792 (1989), and
*Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App.
315, 898 A.2d 197, cert. denied, 279 Conn. 909, 902 A.2d
1069 (2006).

"In *Barclays Bank of New York* v. *Ivler*, supra, 20
Conn. App. 163, the defendant mortgagor appealed from
the denial of his motion to open a stipulated judgment
of strict foreclosure. . . . In that case, this court stated:
The question this court must address . . . is whether
the law days have run so as to extinguish the defendant's
equity of redemption and vest title absolutely in the
plaintiff. If this has occurred, no practical relief [could]
follow from a determination of the merits of this case
. . . . [This court] concluded that because the law days
had run and title had vested absolutely in the plaintiff,
the defendant's appeal was moot. . . . [This court]
explained that it is not within the power of appellate
courts to resuscitate the mortgagor's right of redemp-
tion or otherwise to disturb the absolute title of the
redeeming encumbrancer. . . . Simply put, once title
has vested absolutely in the mortgagee, the mortgagor's
interest in the property is extinguished and cannot be
revived by a reviewing court." (Citations omitted; inter-
nal quotation marks omitted.) *Ocwen Federal Bank,
FSB* v. *Charles*, supra, 95 Conn. App. 324; see also
General Statutes § 49-15 (a).[9]

In *Ocwen Federal Bank, FSB* v. *Charles*, supra, 95
Conn. App. 317, the defendant mortgagors filed two
appeals to raise issues concerning the judgment of strict
foreclosure. Before the second appeal was filed, the
trial court terminated the appellate stay, and, while the
matter was pending before this court, the judgment was
opened and the law days rescheduled. Id., 321–22. Both
parties indicated in their appellate briefs that title to
the property vested in the plaintiff following the running
of the law days. Id., 322. This court dismissed the defen-
dants' claims to the extent that the remedy sought, the

restoration of their interest in the property, could not be afforded to them. Id., 324–27.

In this appeal, the defendant's preliminary statement of issues indicates that he is challenging the denial of his third motion to open the judgment and to extend the law day, as well as the underlying judgment of strict foreclosure. Because the defendant's law day has passed and title has vested absolutely in the plaintiff, we cannot grant the defendant any practical relief. Accordingly, the appeal is moot.

The motion to dismiss is granted and the appeal is dismissed.

In this opinion the other judges concurred.

[1] After the action was filed, the court granted two motions to substitute the party plaintiff when the note and mortgage were assigned to different entities, resulting in the current plaintiff's being Mid Pac Portfolio, LLC. The court granted the motion filed by the original plaintiff, Citigroup Global Markets Realty Corporation, to substitute Citi Property Holdings, Inc., as the plaintiff on April 12, 2011. The court granted Citi Property Holdings, Inc.'s motion to substitute Mid Pac Portfolio, LLC, as the plaintiff on October 24, 2012. We therefore refer in this opinion to Mid Pac Portfolio, LLC, as the plaintiff.

[2] The original plaintiff had commenced this action against James E. Christiansen and Cielo Christiansen. Only James E. Christiansen has appealed. We therefore refer in this opinion to him as the defendant and to Cielo Christiansen by name.

[3] A default for failure to file an appearance also was entered against Cielo Christiansen.

[4] All three of the defendant's motions to open were filed more than twenty days after the most recent rendering of the judgment of strict foreclosure, and, therefore, no automatic stay of the judgment arose upon the filing of those motions. See Practice Book § 63-1 (c) (1). The trial court's denials of the first two motions to open, however, each gave rise to a twenty-day automatic stay that would have prevented the existing law days from running. See *Brooklyn Savings Bank* v. *Frimberger*, 29 Conn. App. 628, 630–32, 617 A.2d 462 (1992).

[5] The court's November 30, 2015 order denying the third motion to open included a further order that no writ of ejectment should be filed with the court until February 5, 2016.

[6] Cielo Christiansen also did not exercise her right of redemption on the law day.

[7] The plaintiff also argues in its motion that the appeal is frivolous and should be dismissed. See Practice Book § 85-2. Because we conclude that the appeal is moot, we do not reach that claim.

[8] The defendant did not contest the trial court's jurisdiction to render the judgment of strict foreclosure.

[9] General Statutes § 49-15 (a) provides in relevant part: "(1) Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified . . . provided no such judgment shall be opened after the title has become absolute in any encumbrancer except as provided in subdivision (2) of this subsection.

"(2) Any judgment foreclosing the title to real estate by strict foreclosure may be opened after title has become absolute in any encumbrancer upon agreement of each party to the foreclosure action who filed an appearance in the action and any person who acquired an interest in the real estate after title became absolute in any encumbrancer, provided (A) such judgment may not be opened more than four months after the date such judgment was entered or more than thirty days after title became absolute in any encumbrancer, whichever is later, and (B) the rights and interests of each party, regardless of whether the party filed an appearance in the action, and any person who acquired an interest in the real estate after title became absolute in any encumbrancer, are restored to the status that existed on the date the judgment was entered. . . ."

The plaintiff has not agreed that the judgment of strict foreclosure may be

opened, and, thus, the exception provided by subdivision (2) does not apply.

---