METROPOLITAN LIFE INSURANCE COMPANY *vs.* WALTER M. BASSFORD, RECEIVER OF THE COMMERCIAL TRUST COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 14th—decided June 27th, 1935.

*Mortimer H. Camp* and *Harold N. Williams*, with whom, on the brief, was *Margaret P. Camp*, for the appellant (plaintiff).

*Cyril F. Gaffney*, with whom, on the brief, was *Bernard F. Gaffney*, for the appellee (defendant).

BANKS, J. This was an action for the foreclosure of a mortgage in which the trial court, in a judgment

rendered November 16th, 1934, found the amount of the debt due to the plaintiff to be $257,685 and fixed January 7th, 1936, as the law day for the defendant to redeem. The plaintiff claimed that the court erred in not taking into account the elements proper to be considered in determining the value of the property and in being governed by irrelevant considerations in fixing the law day, which the plaintiff claimed should not, upon the facts as the court should have found them, have been more than three months from the date of the judgment.

On September 28th, 1927, The Commercial Company mortgaged the premises under foreclosure to the plaintiff to secure a loan of $300,000, and on the same day conveyed them to The Commercial Trust Company of which the defendant is the receiver. The mortgage note has been in default since June, 1934. The principal of the note had been reduced by payments to $246,000, the amount due on the date of the judgment with interest being $257,685. All the evidence at the trial concerned the question of the value of the property which the trial court found to be $340,000. The building upon the mortgaged land was designed to house The Commercial Trust Company, and the land and building cost $759,000. The banking quarters occupy the ground floor which is of the height of two ordinary stories. There is a basement containing vaults and safe-deposit boxes and a sub-basement for the heating plant. Above the banking quarters are four floors of offices. The building is located in the central part of New Britain, is the tallest commercial building in the city, and in appearance, design and fittings is very elaborate. Fifty-three per cent of the offices are rented and the gross yearly income of the offices excluding the space occupied by the bank is $14,000. The yearly expense of operating the build-

ing, including taxes and interest on the mortgage, is $39,600.

In its finding the court included certain paragraphs classified to indicate more particularly the facts found which one or the other party claimed to establish the value of the property by the application of each of four methods: (1) Reproduction cost of building plus fair market value of land; (2) capitalization of gross income; (3) capitalization of net income; and (4) valuation by fair market value. The claims of the appellant that in these statements the trial court neglected to include certain elements presents nothing for our consideration in view of the failure of the record to show that any such claims were made to the trial court; indeed, so far as appears, the court was merely stating the facts claimed upon the trial to be relevant to the particular method under consideration. Thus, when it stated in one of these paragraphs that the "fair market value" of the property was a certain sum, it was apparently stating a fact which, claimed by one of the parties, is found proven; but its own conclusion was as to the value of the property, and it was upon this that it based its decision. The court held that no one method was necessarily controlling, and that consideration should be given to them all in arriving at the value of the property. The plaintiff's claim that the court gave no appreciable weight to the capitalization of net income in fixing the valuation finds no support in the record. None of the claimed errors of the trial court in the application of different methods of determining the value of the property require discussion. That valuation was necessarily based very largely upon the opinions of the real-estate experts. Though it be true that the defendant's experts used the reproduction cost method only in arriving at their figures, that fact would not necessarily

destroy the effect of their testimony. *Appeal of Cohen*, 117 Conn. 75, 86, 166 Atl. 747. It does not appear that the court based its valuation solely upon the evidence of reproduction cost, but the contrary. The paragraphs of the draft-finding, in so far as they state facts which are admitted or undisputed, not included in the finding, are statements the addition of which would not affect the result. It does not appear that the court failed to take into account any of the elements which, upon the facts found, were properly to be considered in determining the value of the property. Its finding that this value was $340,000 finds support in the evidence and must stand.

The plaintiff predicates error upon certain "holdings" of the trial court which it claims indicate that the court was governed by irrelevant considerations in fixing the law day for the defendant. These "holdings" are not to be found in the finding, but apparently are gathered from a statement of certain "abstract principles" enunciated in the memorandum of decision as applicable generally in the foreclosure of mortgages under present economic conditions. We may properly have recourse to a memorandum of decision to ascertain the basis of the legal conclusions upon which a trial court reached its decision. *Burk* v. *Corrado*, 116 Conn. 511, 513, 165 Atl. 682. But where the statement in a memorandum of decision of the legal principles applied differs from those stated in the finding, the latter must prevail. In this instance the conclusion of the trial court stated in the finding is that, under all the circumstances, the law day given was reasonable, equitable and just, in that it gave the receiver an opportunity to dispose of the property without jeopardizing the right of the plaintiff to full payment of its mortgage loan. This must prevail over the statement in the memorandum of decision that where it is ap-

parent that the owner has little or no chance to re-
deem, he should be granted a law day sufficiently far
ahead to permit him the use of his property until the
accumulation of interest, taxes, and the like wipes
out whatever equity he possesses. We add, however,
that if the principle stated in the memorandum of
decision may ever be applied in determining the time
to be allowed in which to redeem mortgaged property,
great caution, at least, should be used in its applica-
tion. Not only would it be extremely difficult, ordi-
narily, for a trial court, when entering a judgment of
foreclosure, to forecast the time when the value of
the equity had been so reduced as to substantially
equal the amount of the mortgage debt, but the rule
would tend to make a mortgagor careless in the way
he treated the property and induce him to get all the
value he could out of it without regard to its proper
protection and preservation.

Under the practice in this State, the determination
of the time to be allowed for redemption by the owner
of the equity rests in the legal discretion of the court.
The court will have regard for the value of the mort-
gaged premises as compared with the amount of the
debt, and exercise its discretion in view of all the
circumstances of the case so as to prevent a sacrifice of
the property. 2 Swift's Digest, 197. It may properly
consider economic conditions which render it difficult
to dispose of the property and fix a law day which will
give the owner of the equity a reasonable opportunity
to dispose of it without jeopardizing the right of the
plaintiff to the full payment of the mortgage debt.
*Brand* v. *Woolson*, 120 Conn. 211, 180 Atl. 293.

The court has found an equity in the mortgaged
premises of $82,315 which is nearly twenty-five per
cent of its value. The action of the court in allowing
the defendant fourteen months in which to redeem the

property cannot be held to constitute an abuse of its discretion in the premises.

There is no error.

In this opinion the other judges concurred.