CATHERINE M. BRAND *vs.* ERIC A. WOOLSON.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued May 14th—decided June 27th, 1935.

*Robert M. Wolfe, Jr.,* and *John Keogh, Jr.,* with whom, on the brief, was *John Keogh,* for the appellant (plaintiff).

*Hereward Wake,* for the appellee (defendant).

BANKS, J. This was a foreclosure of a purchase-money mortgage given by the defendant to the plaintiff. By a judgment rendered December 20th, 1934, the court found the amount of the debt due to be $9090, and fixed the third Friday of December, 1936,

as the law day for the defendant to redeem. The only question presented on this appeal is whether the court abused its discretion in fixing a law day for the defendant two years from the date of foreclosure. From the finding, which is not subject to material correction, the following facts appear: The defendant purchased the premises under foreclosure, consisting of about twenty-four acres, most of which is woodland upon which there are no buildings, from the plaintiff in October, 1929, for $21,000. He has paid $12,000 of the purchase price, leaving a balance of $9000 on the mortgage note which became due October 15th, 1934. Interest has never been in default and the taxes are paid to November, 1935. The value of the premises is approximately $14,425. The plaintiff attacks this finding of the value of the property but it is supported by expert testimony offered by the defendant and cannot be corrected.

It also appeared that in October, 1934, the defendant tendered to the plaintiff $270 for six month's interest on the note to April, 1935, which the latter refused, that the defendant offered the plaintiff a certified check for $1000 to apply on the note if the latter would extend the time for payment of the note for a period of five years, which offer was rejected; also that the defendant offered to include a fifty-foot strip of land adjoining the premises in a new mortgage if the defendant would extend the time for payment of the note, and that the wife of the defendant was the owner of a second mortgage on property in Westport, the proceeds of which the defendant was willing to give to the plaintiff. The defendant was unable to pay the note at maturity, and at the date of the judgment was unable to refinance the property under the existing conditions of the real-estate market. The plaintiff is

an elderly woman financially in need and owes approximately $8000.

The plaintiff contends that the allowance of two years in which to redeem is, under the circumstances of the case, unreasonable, arbitrary and an abuse of the court's discretion. An action to foreclose a mortgage is peculiarly an equitable action. *Beach* v. *Isacs,* 105 Conn. 169, 176, 134 Atl. 787. Courts of equity applying their established jurisdiction to relieve against penalties and forfeitures, created the equity of redemption giving the mortgagor a reasonable time to cure the default arising from his failure to pay upon the day fixed in his mortgage. *Louisville Joint Stock Land Bank* v. *Radford,* 295 U. S. 555, 579, 55 Sup. Ct. 854, 858.

In most jurisdictions the foreclosure is by a sale of the property and the time for redemption is fixed by statute. In this jurisdiction, except when, upon written motion, the court in its discretion decrees a sale, a mortgage is foreclosed by strict foreclosure, and the time for redemption is fixed by the court. Though this has been characterized as a severe remedy, it has been considered "more convenient and equitable to give the party himself a reasonable time to effect a sale which can probably be done by him at a much greater advantage than by a forced sale at auction." 2 Swift's Digest, 198.

The procedure has always been that outlined by CHIEF JUSTICE SWIFT: "On an application for a foreclosure the court will ascertain the sum that is due on the mortgage, and enquire into the value of the mortgaged premises, and will limit a time for redemption having regard for the value of the [mortgaged] premises when compared with the debt. If the land is worth about the amount of the debt or less, they will give but a short time; if the value of the land con-

siderably exceeds the debt, so that it is an object to redeem, they will give a proportional time according to the circumstances of the case to prevent a sacrifice of the property; but no precise period has been established." 2 Swift's Digest, 197.

The flexibility of the procedure which permits the court to exercise its discretion in fixing the law day so as to protect the rights of all parties modifies any severity that may be thought to inhere in this method of foreclosure. The discretion exercised by the court in fixing the law day in a foreclosure is a legal discretion. Its exercise will not be interfered with on appeal to this court except in a case of manifest abuse and when injustice appears to have been done. *Hayward* v. *Plant*, 98 Conn. 374, 382, 119 Atl. 341. When it appears that there is an equity in the mortgaged property so that it is an object for the mortgagor to redeem, the court in fixing the law day may properly take into consideration the probability that the necessary money can be procured within the time limited for redemption. The difficulty of raising money, under existing conditions, upon any kind of security, is a matter of common knowledge. If an "emergency may furnish the occasion for the exercise of power," as was said in *Home Building & Loan Asso.* v. *Blaisdell*, 290 U. S. 398, 426, 54 Sup. Ct. 231, upholding a Minnesota statute providing for an extension of the statutory time for redemption of a mortgage, it may well furnish the occasion for an exercise of discretion in fixing a law day beyond a time which the court would feel justified in granting under normal conditions.

The court has found an equity in the mortgaged premises of $5355, which is approximately 37 per cent. of their value. The taxes and interest have been kept up. All the facts found indicate that the defendant intends in good faith to redeem and the probability

that he will be able to do so within the time limited by the court. They furnish no support for the claim of the plaintiff that the judgment of the court has deprived her of any substantial right. Clearly they furnish no basis for a conclusion that its action was unreasonable, arbitrary or an abuse of its legal discretion.

There is no error.

In this opinion the other judges concurred.