CHARLES W. VINCENT *v.* GERTRUDE F. VINCENT

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued May 9—decision released June 26, 1979

*Bernard E. Francis,* with whom, on the brief, was *James A. Armentano,* for the appellant (plaintiff).

*Bertlen F. Turner,* with whom, on the brief, was *Robert Moran,* for the appellee (defendant).

PER CURIAM. In this action, both parties alleged that the marriage was broken down irretrievably. The court dissolved the marriage and ordered that the real estate in the name of the plaintiff husband be transferred to the defendant wife and then be sold by the defendant without delay. Upon completion of the sale, deducting all necessary expenses, the net proceeds were to be divided equally between the parties. The plaintiff husband has appealed from this judgment.

The parties were married in 1936. Their four children, the youngest of whom is thirty-five years of age, have all married and are not living with their parents. The real estate in question was inherited by the plaintiff about fifteen years ago. No useful purpose would be served by detailing the various acts and omissions found by the court on

the part of the plaintiff husband. The court concluded that the conduct of the plaintiff toward the defendant was the cause of the irretrievable breakdown.

The main issue on appeal is the court's refusal to set aside the judgment and order a new trial.

In its memorandum of decision, the court, commenting about the evidence, stated that when the plaintiff acquired title to the premises the land was large enough to be divided into the present house lot and into two additional building lots; that the plaintiff contended he gave deeds to these two building lots to two of his sons in 1968, but that no documentary evidence was produced; that in 1976, about six months after instituting the present action, the plaintiff conveyed the lots to his sons and their wives with no revenue stamps on the deeds; and that the lots were thereafter sold for $11,000 each. The memorandum of decision then states: "While the evidence does not disclose that the plaintiff has received or will receive any part of this money, under all the circumstances, I find the transactions highly suspicious. Neither son or his wife testified at the trial." During the trial the defendant testified that upon returning to her home after a stay at a hospital, she discovered that the plaintiff had locked her out of the house, moved all of her furniture out onto the porch and had rented out the house without her knowledge.

The plaintiff petitioned the court to open the judgment and requested a new trial on the basis that the court was mistaken about its suspicion in regard to the transfer of the two lots in 1968 to the two sons. Also the plaintiff claimed newly discovered evidence in that the tenant of the building

would testify that the defendant herself with her two sons took the furniture out of the house and stored in on the porch.

The court's memorandum on the petition acknowledges that it found, without question, upon reexamination of the transcript that the plaintiff executed two deeds in 1968 to his two sons, but recognizes that this fact did not change the basic issues found as to the cause of the termination of the marriage or the application of General Statutes § 46-51 in passing title of the premises to the defendant. Further, the court found that the additional evidence which the plaintiff wanted to present to counteract the defendant's evidence could have been produced upon a request for a continuance.

The conclusions of the court are supported by the subordinate facts found. The assignments of error relating to the court's failure to include fourteen paragraphs of the plaintiff's draft finding are without merit. They are either not admitted or undisputed, or are immaterial or implicit in the finding. *Ayers* v. *Ayers,* 172 Conn. 316, 319, 374 A.2d 233 (1977). In any variance between the memorandum of decision and the finding, the latter prevails. *Stults* v. *Palmer,* 141 Conn. 709, 710, 109 A.2d 592 (1954); *Metropolitan Life Ins. Co.* v. *Bassford,* 120 Conn. 384, 388, 180 A. 692 (1935). Further, as stated above, the court considered the evidence which the plaintiff presented and found, while denying the petition for a new trial, that the basic issues upon which the decision was grounded would not be changed or affected by the admission of this additional evidence.

There is no error.