ANTHONY D. MARESCA *v*. FRANCIS ALLEN ET AL.

COTTER, C. J., BOGDANSKI, SPEZIALE, PETERS and PARSKEY, Js.

Argued June 4—decision released July 15, 1980

*Francis Allen*, pro se, the appellant (named defendant).

*Charles P. Costanzo*, for the appellee (plaintiff).

PER CURIAM. The named defendant has appealed from a judgment of strict foreclosure against him. An examination of the pro se defendant's arguments on appeal[1] reveals two claims: (1) that the trial court abused its discretion in setting and in refusing to extend the law day, and (2) that the trial court erred in not considering the value of the property which was foreclosed and the prevailing economic conditions. We find no error.

On September 8, 1978, the defendant executed a note and a mortgage deed to secure the note to the plaintiff. After the defendant failed to pay the interest due on January 8, 1979, the plaintiff

---

[1] It is well established that our courts will allow great latitude to pro se litigants like the defendant. *Mechanics Savings Bank* v. *Tucker*, 178 Conn. 640, 425 A.2d 124 (1979); *Higgins* v. *Hartford County Bar Assn.*, 109 Conn. 690, 692, 145 A. 20 (1929). We have read the defendant's statement of issues and brief in that spirit.

demanded full payment on the note and filed suit for foreclosure of the mortgage. No pleadings were filed by the defendant. On April 30, 1979, the plaintiff moved for default "for failure to disclose a defense." On July 27, 1979, the trial court, *Mulvey, J.,* granted the default motion and rendered a judgment of strict foreclosure, setting a law day of August 28, 1979, for the defendant Allen and succeeding law days of August 29 and 30, 1979, for the holders of a second mortgage and lien who are not involved in this appeal. On August 22, 1979, the defendant filed a timely motion "to reopen judgment and extend the law day." The motion was denied by the trial court, *Mancini, J.* From the judgment of foreclosure the defendant has appealed.

The fixing of a period of time during which the mortgagor may redeem the property is within the discretion of the trial court and the exercise of that discretion "will not be interfered with on appeal to this court except in a case of manifest abuse and when injustice appears to have been done." *Brand* v. *Woolson,* 120 Conn. 211, 215, 180 A. 293 (1935). In this case the law day, although only a month after the rendition of judgment, was just one week earlier than the due date of the entire principal amount. The defendant ceased paying the monthly interest four months after the loan was made. At no time during these proceedings has the defendant controverted the existence of the debt, the amount, or the fact of his nonpayment. Despite notice of the proceedings,[2] the defendant neither filed any pleadings to the original action

---

[2] The defendant has not challenged the finding of the trial court that "service of said writ and complaint was duly made" on him. At oral argument the defendant stated that he "believed" he had notice of the hearings.

nor appeared at the foreclosure hearing. Furthermore, the defendant did not appear in court to be heard on his motion to open the judgment and extend the time period for redemption. The denial of a motion to open a judgment of strict foreclosure is likewise within the discretion of the trial court. General Statutes § 49-15; *Hartford Federal Savings & Loan Assn.* v. *Stage Harbor Corporation,* 181 Conn. 141, 434 A.2d 341 (1980). In light of these circumstances and the evidence which the trial court had before it, we do not find that the court abused its discretion in setting and refusing to extend the law day.

With respect to the defendant's claim regarding the trial court's failure to consider the value of the property and the prevailing economic conditions, a trial court can consider only the evidence placed before it. *Hartford Federal Savings & Loan Assn.* v. *Stage Harbor Corporation,* supra, 145. As previously noted, a default judgment was rendered against the defendant for failure to disclose a defense, and the defendant did not appear at the foreclosure hearing at which the plaintiff's appraisers testified regarding their valuation of the property. The evaluation of testimony is the sole province of the trier of fact. We do not retry the case. *Hartford National Bank & Trust Co.* v. *Tucker,* 178 Conn. 472, 480, 423 A.2d 141 (1979). The conclusion of the trial court must stand unless there was an error of law or a legal or logical inconsistency with the facts found. *Hutensky* v. *Avon,* 163 Conn. 433, 437, 311 A.2d 92 (1972). The record before this court discloses neither.

There is no error.