RAYMOND J. BUSCA ET AL. *v.* NICOTRA
CORPORATION ET AL.
(13771)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued November 3—decision released December 19, 1989

*Mark T. Kelly,* for the appellant (named defendant).
*Leonard L. Levy,* for the appellees (plaintiffs).

HULL, J. The sole issue in this mortgage foreclosure is whether the trial court abused its discretion in determining the value of the foreclosed real property and in consequently fixing a law day for the named defendant, owner of the equity of redemption, only four and one-half months from the date of the judgment of foreclosure.[1] We conclude that the court did not abuse its discretion and, therefore, find no error on the named defendant's appeal.

The underlying facts are not in dispute. On September 14, 1987, the named defendant, Nicotra Corporation (defendant), executed a promissory note in the amount of $552,500 in favor of the plaintiffs, Raymond J. Busca and Vinci Busca, which was secured by a purchase money mortgage on a 6.4 acre parcel of land located in Hamden. Thereafter, the defendant failed to pay certain interest installments due pursuant to the note, and, consequently, on November 1, 1988, the plaintiffs brought a foreclosure action. The court rendered a judgment of strict foreclosure on February 27, 1989, finding the debt to be $590,567.30 and fixing the law day as July 18, 1989. The defendant appeals from that judgment claiming that the trial court erred in: (1) determining the fair market value of the premises based on the plaintiffs' appraisal, which utilized normal marketing conditions and assumptions rather than the purchase price paid, when the evidence indicated that the premises were unique and necessary to the defendant's completion of a larger subdivision; and (2) refusing to find that the substantial equity in the subdivision parcel, of which the foreclosed premises is an integral part, was relevant and material to the questions of the intent of the defendant to redeem and the probability that the defendant would redeem.

---

[1] The defendants Salvatore J. Nicotra and Mechanics and Farmers Savings Bank of Bridgeport did not join in this appeal.

The following relevant evidence was presented at the foreclosure hearing. The plaintiffs' appraiser, George S. Williams, testified that the value of the premises was $347,000. He testified that the highest and best use of the land was as a residential subdivision, that he assumed there would be five or six approved lots, and that he had used the comparable sales method in determining the value of these lots.

Salvatore J. Nicotra, the president of the defendant, testified that the defendant owned approximately 250 acres of land adjacent to the mortgaged property. While it had purchased that land for about $7000 per acre, the purchase price of the mortgaged premises was in excess of $100,000 per acre. Barry Hammons, a land surveyor employed by the defendant, testified that the reason for this price disparity was that the mortgaged property had a uniquely higher value to the defendant because the planning and zoning commission had indicated that a street outlet through that land was necessary for the development of the defendant's 250 acres located to the rear of that property. Thereafter, counsel stipulated that the premises were purchased to gain access to the rear acreage as was required for subdivision approval. The parties also stipulated that the defendant had paid approximately $100,000 for the premises in addition to the mortgage of $552,000.

The defendant introduced into evidence a contract for the purchase and sale of the entire subdivision, including the mortgaged property. Nicotra testified that the contract contemplated a selling price of the combined parcels that would pay the plaintiffs' note in full. Nicotra testified further that the closing was to be one year after a ninety day contingency period provided for in the contract.

The defendant, however, never offered any other testimony as to the value of the mortgaged property. In

the absence of any such testimony by the defendant, the court found the value of the property to be $347,000, the amount testified to by the plaintiffs' appraiser. Based on this value, the court found no equity in the mortgaged premises, and refused to allow evidence as to the overall equity in the combined premises because the entire parcel included property other than that which was security for the mortgage. The law day was accordingly set as July 18, 1989, approximately four and one-half months after the date of foreclosure.

Our review of the defendant's claims of error is governed by our holding in *Brand* v. *Woolson,* 120 Conn. 211, 215, 180 A. 293 (1935), wherein we stated that "[t]he discretion exercised by the court in fixing the law day in a foreclosure is a legal discretion. Its exercise will not be interfered with on appeal to this court except in a case of manifest abuse and when injustice appears to have been done." The defendant claims that the action of the court in relying solely upon the $347,000 appraisal submitted by the plaintiffs in fixing the value of the premises in order to set the law day amounts to such an abuse of discretion or injustice. The defendant argues that the court failed to consider the "special circumstances" here involved as required by *Metropolitan Life Ins. Co.* v. *Bassford,* 120 Conn. 384, 180 A. 692 (1935): "The court will have regard for the value of the mortgaged premises as compared with the amount of the debt, and exercise its discretion in view of all the circumstances of the case so as to prevent a sacrifice of the property." Id., 389, citing 2 Z. Swift's Digest p. 197. The defendant argues that the court ignored the economic validity and reasonableness of the defendant's particular use for the mortgaged property. According to the defendant, had the court not erroneously failed to adjust the value of the mortgaged property to take into account the contract

price negotiated by the defendant for the overall parcel, the court would have found sufficient equity in the property to warrant a later law date.[2]

Although the defendant frames the issues in terms of abuse of discretion, its claim is based principally on the court's failure to allow testimony as to the equity in the overall subdivision property. In the absence of any showing of plain error or manifest injustice, we decline to review the defendant's evidentiary claim on the merits because of the defendant's failure to comply with Practice Book § 4065 (d) (3) which requires that, where any evidentiary claim is made, the brief contain: "The question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; the ruling, and any exception." See *Aspiazu* v. *Orgera,* 205 Conn. 623, 636–37 n.5, 535 A.2d 338 (1987); *Gorra Realty, Inc.* v. *Jetmore,* 200 Conn. 151, 171, 510 A.2d 440 (1986); W. Moller & W. Horton, Connecticut Practice (1989) p. 152.

Thus, given the essence of the defendant's argument on appeal and the defendant's failure at trial to offer any evidence of the value of the foreclosed land, no further discussion is necessary to demonstrate conclusively that the defendant's claim does not approach a case of manifest abuse of discretion or injustice so as to warrant a reversal of the trial court's judgment.

There is no error.

In this opinion the other justices concurred.

---

[2] The court was informed at oral argument that despite the delay from the law day of July 18, 1989, to the date of the hearing on this appeal, November 3, 1989, the contract for the sale of the combined parcels was never closed.