PACIFIC MUTUAL LIFE INSURANCE COMPANY *v.* BROAD ASSOCIATES LIMITED PARTNERSHIP ET AL.
(9032)

DUPONT, C. J., DALY and LANDAU, Js.

Argued December 11, 1990—decision released January 29, 1991

*Thomas W. Bucci,* with whom, on the brief, was *Mark J. Rosen,* for the appellant (named defendant).

*Gregory W. Nye,* with whom was *Robert G. Skelton,* for the appellee (plaintiff).

DALY, J. The dispositive issue in this appeal is whether the trial court improperly denied the named defendant's[1] motion to open and modify a judgment of strict foreclosure pursuant to General Statutes § 49-15. We affirm the judgment of the trial court.

The following facts are not disputed. On February 14, 1989, a judgment of strict foreclosure was rendered for the plaintiff with a law day of September 6, 1989, set for the defendant. Subsequently, the defendant filed a petition in the Bankruptcy Court which stayed all proceedings. Pursuant to the plaintiff's motion, the Bankruptcy Court lifted the automatic stay on February 20, 1990, when it found the defendant's plan of reorganization unsatisfactory.

On March 19, 1990, the trial court rendered a new judgment of strict foreclosure based on the same terms as its prior judgment with the defendant's law day set for April 9, 1990. On April 4, 1990, the defendant moved to open the judgment and extend the law day because it was submitting a new reorganization plan to the Bankruptcy Court. The trial court denied this motion on April 5, and this appeal ensued.

A motion to open a judgment of strict foreclosure is addressed to the discretion of the trial court; General Statutes § 49-15;[2] and, unless that discretion was abused or was based on some error of law, the denial of the motion must stand. *Melillo* v. *Spiro*, 187 Conn. 333, 334, 445 A.2d 921 (1982); *New Haven Savings Bank* v. *Gurland*, 3 Conn. App. 508, 509, 489 A.2d 1070 (1985).

---

[1] The named defendant is the sole defendant in this appeal, and we will refer to it as the defendant in this opinion.

[2] General Statutes § 49-15 provides in part: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified . . . upon such terms as to costs as the court deems reasonable . . . . "

The defendant's property at the time of the 1989 judgment had a fair market value of $4,800,000 and a debt of $5,545,783 with interest accruing at the rate of $1998 per diem. The fair market value of the property at the time of the 1990 judgment had declined to $3,133,000 with the debt having risen to $6,341,369. The defendant has failed to demonstrate that the trial court abused its discretion or committed legal error in setting the defendant's law day when the debt so far exceeded the value of the property.[3]

The judgment is affirmed and the case is remanded with direction to set new law days due to the time lapse since the judgment was rendered.

In this opinion the other judges concurred.

---

[3] " 'On an application for a foreclosure the court will ascertain the sum that is due on the mortgage, and enquire into the value of the mortgaged premises, and will limit a time for redemption having regard to the value of the [mortgaged] premises when compared with the debt.' " *Brand* v. *Woolson,* 120 Conn. 211, 214, 180 A. 293 (1935), quoting 2 Swift's Digest, 197; *Busca* v. *Nicotra Corporation,* 213 Conn. 264, 267, 567 A.2d 377 (1989).