[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding is an interpleader which alleges that on or about August 11, 1992, the plaintiff, as tenant, executed a lease agreement with Joseph T. Kasper, Jr. (hereafter "Kasper"), as landlord, for premises known as 20 Stony Hill Road located in Bethel, Connecticut. The rental agreement provided that the plaintiff would pay a monthly rental to the landlord. On or about April 26, 1993, the plaintiff was served with property execution garnishments by Jerome P. Kovacs, d/b/a Kovacs Associates (hereafter "Kovacs") which sought to enforce the following judgments: Jerome P. Kovacs d/b/a Kovacs Associates v. Joseph T. Kasper, Jr., CV89-299494, CV91-305927, CV88-296516. The garnishments targeted the rental payments. CT Page 9052
On or about July 2, 1993, the Federal Deposit Insurance Corporation (hereafter "defendant"), as receiver for Citytrust, sought the ex parte attachment and garnishment of the same rental payments Kovacs sought to garnish. The plaintiff has admitted its indebtedness to Kasper, and further admits its willingness to forward the rental payments to whomever is lawfully entitled to receive them. The problem, however, is the various parties' inability to agree on who is entitled to the payments. Because of the plaintiff's doubt as to the respective rights of the various parties, it is fearful that it will be subjected to dual liability as a garnishee. Therefore, its claims are:
1. A temporary and permanent injunction restraining both Kovacs and the defendant from taking any further action against the plaintiff until the disposition of the instant action.
2. An interlocutory judgment that Kovacs and the defendant interplead together their rental payment claims.
3. That the plaintiff, upon payment pursuant to court order, be discharged from liability to any party in relation to the rental payments.
4. That plaintiff be allowed reasonable counsel fees and disbursements out of the rental payments.
"Whenever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader . . . ." General Statutes, Sec. 52-484. "Interpleader is designed to prevent the possibility of double liability." Bransfield v. Relihan,2 Conn. L. Rptr. 433, 433-34 (September 24, 1990, Meadow, J.), citing Royal School Laboratories, Inc. v. Town of Watertown,358 F.2d 813, 815 (2nd Cir. 1966). "The basis for an action of interpleader is the existence of conflicting claims to property in the hands of a stakeholder. In the absence of evidence of conflicting claims, no basis for an interpleader action exists." Commercial Discount Co. v. Plainfield, 120 Conn. 274, 278-79.
Section 47-10 of the General Statutes provides, inter alia, that "[n]o conveyance shall be effectual to hold any land against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies. . . ." CT Page 9053
Section 49-10 recites: "Whenever any debt or other obligation secured by mortgage, assignment of rent or assignment of interest in a lease, is assigned by an instrument in writing containing a sufficient description to identify the mortgage, assignment of rent or assignment or interest in a lease, as security for the debt or obligation, and that assignment has been executed, attested and acknowledged in the manner prescribed by law for the execution, attestation and acknowledgment of deeds of land, the title held by virtue of the mortgage, assignment of rent or assignment of interest in a lease, shall vest in the assignee. . . ."
"`A lease is, in effect, a conveyance of an interest in the leased premises.'" Webel v. Yale University, 125 Conn. 515, 518. ". . . [a]s ordinarily employed, the word `lease' implies a term and a reversion to the owner of the land after its termination." 49 Am.Jur.2d, Landlord and Tenant, Sec. 1.
In Matter of Sansone, 126 B.R. 16 (1991), the court addressed whether in Connecticut a mortgagee of realty holding a recorded mortgage and assignment of rents to secure the payment of the mortgage obligation has, through such recording, a fully perfected interest in the rents enforceable after the mortgagor files a bankruptcy petition. The court in Sansone stated that Connecticut treats an assignment of rents as a conveyance in an interest in land. It also held under Sec. 49-10 that a right to rents is perfected upon the recording of the mortgage and the assignment of rents on the land records. Matter of Sansone, supra, 18-19. Admittedly, the present action is not brought under the context of a bankruptcy action. However, Sansone provides useful insight in addressing the question of how Connecticut law construes the issue of priority as to rental payments as between two parties with conflicting claims.
In the present case, the record reflects an Assignment of Leases by Kasper to Citytrust, recorded on December 4, 1986, in the Town of Bethel. (Defendant's Exhibit No. 1.) Service of the property execution as between Kovacs and Kasper occurred on April 26, 1993. (Plaintiff's Exhibits Nos. 1, 2, 3.) The order of attachment of the leasehold interest of Kasper, and the order of garnishment to the value of $1,400,000.00 of the plaintiff, was issued on July 1, 1993. (Plaintiff's Exhibit No. 4.) The defendant, to the extent of its interest, by recording the Assignment of Leases six years prior to the service of the property execution in the favor of Kovacs, has perfected and takes priority to the rental payments at issue as against any creditor. CT Page 9054
Judgment may enter granting the following interlocutory relief:
1. A temporary and permanent injunction restraining both Kovacs and the defendant from taking any further action against the plaintiff until the disposition of the instant action.
2. An interlocutory judgment that Kovacs and the defendant interplead together their rental payment claims.
Moraghan, J.