[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure action, the plaintiff moved for the appointment of a receiver of rents.
The court, having considered the testimony of all of the witnesses together with the exhibits presented at the hearing, finds the following facts:
On or about May 26, 1988, the defendants, The Connecticut Real Estate Company (hereinafter "CRECO") and Morco, Inc. (hereinafter "Morco"), both doing business as Crec-Morco Joint Venture, executed their note to the plaintiff in the principal amount of $1,600,000, which was secured by a mortgage deed. Said mortgage deed was modified. In addition to monthly payments of principal and interest, the note provided for monthly payments toward a tax escrow, and the note is without recourse to the makers.
The defendants also executed and delivered to the plaintiff a conditional assignment of leases dated and recorded on May 26, 1988. Said assignment of leases provides that upon default the plaintiff may collect the rent and income from and take possession of the secured property. The secured property consists of a three story retail and office building which is located at 470 Main Street, Ridgefield, Connecticut. The litigants agree that the building is in CT Page 1150 excellent condition and that there is no deferred maintenance. The parties also agree that the building would be 95 percent occupied once a new commercial restaurant tenant is obtained.
There have been no monthly payments by the defendant on their obligation to the plaintiff since June 1, 1993, although an offer to pay $8,000 was tendered to the plaintiff and retained by the plaintiff, although not credited toward the defendants' obligations.
The plaintiff claims that it has a contractual right to collect the rents, income and profit from the tenants. The plaintiff tried unsuccessfully to collect the rent through a self-appointed agent. The defendants have objected to the payment of and rent by the tenants to the plaintiff and/or its agent. Because of the refusal by the tenants to pay the plaintiff or its agent, as well as the defendants, any rent for the month of September, 1993 through January, 1994, this court issued an interlocutory order on January 4, 1994 until a ruling is made by the court on the plaintiff's application for the appointment of a receiver of rents.
The court finds the debt as of January 4, 1994 to be $1,596,761.03 with a per diem of $293.24736 [$293,247.36]. This represents the principal and interest due on the loan through December 20, 1993, as well as taxes due and owing to the Town of Ridgefield, as well as any late charges through September 3, 1993. In addition, there are appraisal fees and legal fees not included in this figure.
The appraisal of November 12, 1993 resulted in a value of $1,600,000 using the income capitalization. However, a previous appraisal in June of 1993, when the building was more fully occupied, resulted in an appraisal of $1,770,000. The basis for the change put forth by the witness, Christopher Kerin, licensed appraiser called by the plaintiff, was the absence of a tenant during the November, 1993 appraisal, as opposed to the occupancy of the tenant during the June, 1993 appraisal.
The court finds the value of the subject property to be $1,600,000. The plaintiff correctly argues that an assignment of rent creates an interest in the land which is pledged as security, and upon payment of the debt for which the security is given, said interest is extinguished. Danbury Hospital v. CT Page 1151 Jerome P. Kovacs, et al., 8 CSCR 1065 (October 25, 1993). That interest includes the right to collect the rents and income from the land in appropriate circumstances. (Emphasis added.) Generally, the appointment of a receiver is justified if the security is insufficient to support the debt or if the "assets to which it would naturally look for payment may be wasted or lost during protracted litigation." Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 175
(1985).
An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties. Beach v. Isacs, 105 Conn. 169, 176 (1926). The object of appointing receivers is to secure the property in dispute from waste or loss. 2 Swift, Digest, p. 159. It is not the office of a court of equity to appoint receivers as a mode of granting ultimate relief. They are appointed as a measure ancillary to the enforcement of some recognized equitable right. (Brand v. Woolson, 120 Conn. 211 (1935)). The assets to which it would naturally look for payment may be wasted or lost during protracted litigation. The procedure used in appointing a receiver is outlined in Practice Book, Sec. 485 et seq.
Since the plaintiff has no recourse to the makers of the note, its sole recourse is to the security itself. It is clear to this court that the debt will soon exceed the appraised value of the security and that the income generated, even if the subject property were 95 percent occupied by tenants, is insufficient income with which the defendants can pay their obligation to the plaintiff and also the operating expenses, taxes, commissions and incidental expenses. This finding is made based upon a $25,000 per month income flow from the tenants when and if the building becomes 95 percent occupied.
In the instant case, there was no evidence to show that there was any waste being committed against nor any loss being suffered by the property. To the contrary, the property is well maintained and well managed by Vincent Minari.
For the foregoing reasons, the plaintiff's motion to appoint a receiver of rents is granted. It is hereby ordered as follows: CT Page 1152
1. Pursuant to Connecticut General Statutes, Sec. 52-504
et seq., the court appoints Vincent Minari of 17 Brookside Road, Brookfield, Connecticut, as a receiver of rents.
2. Mr. Minari is to post a bond in the amount of $75,000 before assuming to act as a receiver of rents, conditioned on the faithful performance of the official duties of this appointment.
3. The receiver shall account quarterly, commencing April of 1994, to the clerk of the court in Danbury.
4. The receiver is empowered to take any action that he may deem necessary for the proper operation of the property.
Rodriguez, J.