[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Reiner Reiner for plaintiff.
Robert E. Ghent for defendant.
The plaintiff, Bowery Savings Bank, filed an amended complaint in its foreclosure action against the defendants on May 5, 1992. The court entered a judgment of strict foreclosure on June 29, 1992, and assigned law days to begin September 21, 1992. The foreclosure proceeding was stayed by the defendant's bankruptcy petition, but the judgment was reopened April 25, 1994, and new law days were assigned to begin June 27, 1994, with title vesting in the plaintiff on the eighth day. None of the encumbrancers exercised its right of redemption, and title vested in the plaintiff. On August 4, 1994, the plaintiff filed a motion for deficiency judgment.
General Statutes § 49-14(a) provides in relevant part that "[a]t any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment." If, as the defendant argues, the law days included Saturday, July 2, 1994, Sunday, July 3rd, 1994, and Monday, July 4, 1994, title would have vested in the plaintiff on July 4 1994, and the plaintiff's motion for deficiency judgment, filed on August 4, 1994 would be untimely pursuant to General Statutes § 49-14a. If, on the other hand, as the plaintiff argues, the passing of the law days is suspended on weekends and holidays then title would not have vested in the plaintiff until July 7, 1994, and the motion for deficiency judgment is timely. Hence, the narrow issue framed by the court is whether law days assigned by the court can properly fall on a Saturday, Sunday or legal holiday.
No statutory provision or Practice Book section exists requiring that law days not fall on Saturdays, Sundays or legal holidays. Moreover, the trial court's assignment of law days does not indicate whether the weekend and July 4th holiday were intended to suspend the running of the law days.[1]
"The fixing of a period of time during which the mortgagor may redeem the property is within the discretion of the trial court. . . ." Maresca v. Allen, 181 Conn. 521, 522, 436 A.2d 14
CT Page 11072 (1980); see also Busca v. Nicotra Corp., 213 Conn. 264, 267,567 A.2d 377 (1989) ("[t]he discretion exercised by the court in fixing the law day in a foreclosure is a legal discretion." (Internal quotation marks omitted.)). Nevertheless, because the court clerk's office is closed on Saturdays, Sundays and legal holidays, if the running of law days is not suspended for those days, "a defendant having to redeem on such a day would be unable to file the Satisfaction of Judgment required to cut off the right of redemption of subsequent encumbrancers." D. Caron, Connecticut Foreclosures (2d Ed. 1989) § 5.03A2, p. 102. Hence, disputes among encumbrancers might ensue, creating confusion in what should be an orderly process.
In Melillo v. Spiro, 187 Conn. 333, 334 n. 1, 445 A.2d 921
(1982), in its recitation of the procedural background of the case, the court stated that "[t]he motion [to reopen judgment and extend law day] was granted for the sole purpose of correcting the previous judgment to move the law day from Saturday, March 1, 1980 to Monday, March 3, 1980." (Emphasis added.) The use of the word "correcting" suggests that the Supreme Court found that the assignment of a Saturday law day was inappropriate. Hence, the running of law days is suspended for Saturdays, Sundays, and legal holidays because the court clerk's office is closed on those days. The suggested ruling would render the plaintiff's motion for deficiency judgment timely pursuant to § 49-14(a).
Donald W. Celotto State Trial Referee