[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned mortgage foreclosure action comes before this court on a motion by the court-appointed receiver for leave to institute suit against a tenant from whom the defendants allegedly received a prepayment of rent in return for an early termination of the tenant's lease in the shopping center that is the subject of the foreclosure action. The receiver of rents claims that because of the defendants' alleged arrangement with the tenant, rents necessary for the operation of the shopping center were lost. The receiver claims that the agreement between the tenant and the defendants was invalid because the tenant was obligated to the plaintiff mortgagee to secure approval of any modification of its obligations under the lease. The receiver has alleged that the defendants diverted to their personal use the proceeds of their agreement with the tenant and that the transaction must be undone in order to hold the tenant to its obligation to pay rent that would then be collected by the receiver for the benefit of the property and the mortgagee as well as the mortgagor.
The defendants object that the transaction that the receiver wishes to set aside was completed before his appointment and is beyond the scope of his powers pursuant to his appointment.
The receiver of rents, Woodgreen Management, Inc., was appointed by an order of this court dated February 25, 1997 pursuant to Practice Book § 506. That provision of the rules of court effectuates C.G.S. § 52-504, which provides that the CT Page 5132 Superior Court "may make such order in [an] action as the exigencies of the case may require and may from time to time, rescind and modify any such order."
The defendants have objected to the receiver's request for leave to bring a suit against the released tenant on the ground that such a suit exceeds the powers granted to the receiver. Since § 52-504 authorizes modification of such powers, the objection is not persuasive. The issue remains whether the "exigencies of the case" are such that this court should authorize the receiver to sue the released tenant in an attempt to generate more rental income.
The receiver of rents has represented to this court that it has discovered that in September 1996, while the defendants were allegedly in default of their obligations under the mortgage, they negotiated a termination of a leave by which a tenant, Staples, Inc. had been obligated to pay rent of $30,000 per month until May 2002. The receiver represents that the consideration for the early termination, allegedly $550,000, was paid to the defendants, or some of them, for their own uses, so that the rental income that had been due under the lease was no longer available for use in maintaining the shopping center during the foreclosure proceedings, and the value realized from the termination of the lease was likewise not being made available for that purpose.
The plaintiff mortgagee has moved to amend its complaint to allege that the lease termination constituted a violation by the defendants of their obligations under a security agreement.
The plaintiff has stated at oral argument that it would not pursue this issue if the receiver of rents is authorized to do so, and that it has no objection to the receiver being authorized to pursue the issues. This court is therefore not being asked to authorize duplicative efforts. Rather, the issue is whether the proposed enforcement of the Staples lease and/or recovery of the proceeds of the termination should be undertaken by the receiver rather than by the plaintiff.
The Connecticut Supreme Court has observed that "[t]he object of appointing receivers is to secure the property in dispute from waste and loss." Hartford Federal Savings Loan Association v.Tucker, 196 Conn. 172, 175 cert. denied, 474 U.S. 920,106 S.Ct 250, 88 L.Ed.2d 258 (1985); Brent v. Woolson, 120 Conn. 211, 214
CT Page 5133 (1935). The purpose of appointing a receiver has not, historically, been to enforce generally the rights of the plaintiff under the mortgage obligation, even rights claimed to have been violated prior to the institution of that action.
The obligations that the receiver would seek to enforce are allegedly obligations that both the defendants and the tenant owed to the plaintiff under various agreements. The pursuit of such obligations by the receiver poses the risk of multiple depositions of the same witnesses and of a loss of autonomy of the plaintiff in determining the amount of assets that should be devoted to pursuit of such a claim. It appears to this court that it is prudent to leave to the plaintiff the decision whether and to what extent to pursue claims that arose before this foreclosure action was filed and to entrust to the receiver of rents only the protection of the assets under the circumstances of that asset as of the date of the appointment of the receiver. The defendants have previously been ordered by the court (DeMayo, J.) to turn over to the receiver all rents generated by the property for the month of March 1997, and this order is not affected by the present ruling.
For the foregoing reasons, the court denies the application of the receiver to investigate or bring suit to enforce the Staples lease and to invalidate the termination. This order should not be construed as an amendment of or limitation upon the authority previously granted to the receiver of rents as set forth in the order appointing it.
Beverly J. Hodgson Judge of the Superior Court