WELLS FARGO BANK, N.A. *v.* AMENA KHATUN
(AC 34595)

Gruendel, Lavine and Bear, Js.

Argued September 23—officially released November 5, 2013

*Edward Kanowitz,* for the appellant (defendant).

*Marc S. Edrich,* with whom, on the brief, was *Joseph H. Carlisle,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Amena Khatun, appeals from the judgment of the trial court denying her motion to open the judgment of strict foreclosure. On appeal, the defendant claims that the trial court abused its discretion by denying her motion to open the judgment and extend the law day. We affirm the judgment of the trial court.

On May 15, 2008, the defendant signed a note in the amount of $405,000 secured by a mortgage encumbering 6 Mulvoy Street in Norwalk. The defendant defaulted on the note, and the plaintiff, Wells Fargo Bank, N.A., the holder of the note, accelerated payment and called the note due in full. The plaintiff commenced the action in June, 2009. The defendant was defaulted for failure to plead, and the court rendered a judgment of strict foreclosure on November 2, 2009. The defendant subsequently filed a motion to open the judgment and extend the law days, which the court granted. Between February, 2010, and April, 2012, the defendant filed additional motions to open the judgment and extend the law days. The court found that the defendant had filed fifteen motions to extend the law days. On February 6, 2012, the court extended the law day to May 8, 2012. On that date, the amount of the debt was $433,287. The court also ordered that further motions to open the judgment had to be filed before April 10, 2012, and decided before April 16, 2012. On April 10, 2012, the defendant filed her fifteenth motion to open the judgment and extend the law day. At oral argument on the motion, counsel for the defendant contended that a $200,000 short sale offer that had been presented to the plaintiff was pending.[1] The plaintiff strenuously objected to the motion to open the judgment. The court denied the motion to

_____

[1] The court had granted a prior motion to extend the law days on the basis of a short sale that was not closed.

open on April 16, 2012, but noted that if the short sale offer was accepted, the parties could come before the court with an agreement to vacate the judgment. On May 4, 2012, the defendant appealed claiming that the court abused its discretion by denying her motion to open the judgment.[2]

This court reviews mortgage foreclosure appeals under the abuse of discretion standard. *Franklin Credit Management Corp.* v. *Nicholas*, 73 Conn. App. 830, 838, 812 A.2d 51 (2002), cert. denied, 262 Conn. 937, 815 A.2d 136 (2003). A foreclosure action is an equitable proceeding. See *Hamm* v. *Taylor*, 180 Conn. 491, 497, 429 A.2d 946 (1980). "The determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *Franklin Credit Management Corp.* v. *Nicholas*, supra, 838.

On the basis of our review of the procedural history and the trial court's findings and order at the time it

---

[2] The plaintiff claims that the defendant's appeal is moot because the May 8, 2012 law day has passed and there is no practical relief that this court can afford the defendant. See General Statutes § 49-15 (a). We disagree that the appeal is moot. See *Brooklyn Savings Bank* v. *Frimberger*, 29 Conn. App. 628, 630–32, 617 A.2d 462 (1992). When an appeal is filed, enforcement of the judgment is stayed pending the determination of the appeal. See *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 678, 899 A.2d 586 (2006) (considering appellate stays and amended appeals); *Bankers Trust of California, N.A.* v. *Neal*, 64 Conn. App. 154, 159, 779 A.2d 813 (2001) (same). Our rules of practice permit the lifting of an appellate stay pursuant to the filing of a motion to lift the stay. See Practice Book § 61-11. No motion to lift the appellate stay was filed in this case. Theoretically, if the defendant were to prevail in this appeal, this court could afford her relief.

ruled on the defendant's motion to open the judgment of strict foreclosure, we conclude that the court did not abuse its discretion by denying the motion to open the judgment. The defendant filed her fifteenth motion to open the judgment and extend the law days almost three years after the action was commenced and approximately two and one-half years after the judgment of strict foreclosure was rendered. The court's denial of the motion to open the judgment was reasonable under the circumstances. The defendant has failed to demonstrate that the court abused its discretion.

The judgment is affirmed and the case is remanded for further proceedings.