******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

U.S. BANK, N.A., TRUSTEE *v.* ANNA
MORAWSKA ET AL.
(AC 37887)

DiPentima, C. J., and Beach and Schaller, Js.

*Argued March 2—officially released May 10, 2016*

(Appeal from Superior Court, judicial district of
Fairfield, Hartmere, J. [motion for summary judgment];
Tyma, J. [judgment of strict foreclosure]; Bellis, J.
[petition for reinclusion]; Hon. Alfred J. Jennings, Jr.,
judge trial referee [judgment of strict foreclosure;
motion to reargue].)

*Brian E. Lambeck*, for the appellant (named
defendant).

*Christopher S. Groleau*, with whom was *Vincent J.
Averaimo*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant Anna Morawska[1] appeals from the reentry of the judgment of strict foreclosure in favor of the plaintiff, U.S. Bank, N.A., as trustee,[2] following the lifting of a bankruptcy stay. On appeal, the defendant claims that the trial court (1) should have held oral argument before denying her petition for reinclusion in the foreclosure mediation program, (2) was not permitted to make new findings as to the amount of the debt when setting a new law day, and (3) improperly denied her motion to reargue. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff commenced this foreclosure action in July of 2009, seeking to foreclose on a mortgage on the subject premises, a residence in Fairfield. In its complaint, it alleged that the defendant, the record owner of the premises, was in default on a note in the original amount of $391,200 secured by the mortgage, and it elected to accelerate the balance due upon the note and sought to foreclose the mortgage. The trial court, *Hartmere, J.*, granted the defendant's petition to participate in the foreclosure mediation program as an aggrieved person on August 2, 2010, and granted the plaintiff's motion for summary judgment on August 4, 2010. The parties participated in mediation through April 10, 2012, when the plaintiff objected to further extending the mediation period. The court, *Hartmere, J.*, sustained the plaintiff's objection on April 30, 2012. The court, *Tyma, J.*, subsequently granted the plaintiff's motion for judgment of strict foreclosure on September 30, 2013, setting a law day of January 28, 2014, and finding the debt to be $501,890.82 and the fair market value of the property to be $410,000. On January 31, 2014, the plaintiff filed a notice that the defendant had filed a petition for bankruptcy pursuant to title 11, chapter 13, of the United States Code on January 28, 2014, which operated as an automatic stay of the running of the law day.

On April 30, 2014, the plaintiff filed a motion to reset law days and reenter judgment on the ground that the judgment of strict foreclosure had been opened and the law day vacated pursuant to General Statutes § 49-15 (b) upon the filing of the bankruptcy petition. The bankruptcy petition was dismissed on March 17, 2014, and therefore the plaintiff "mov[ed] that the law days be reset and the judgment reentered with all other provisions remaining the same." On May 2, 2014, the defendant filed a petition for reinclusion in the foreclosure mediation program, which the court, *Bellis, J.*, denied. On October 20, 2014, following a hearing, the court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee, granted the plaintiff's motion to reset law days and entered a modified judgment of strict foreclosure, setting the law day for January 20, 2015, finding the debt to be

$516,230.06 and the fair market value of the property to be $415,000. The defendant filed a motion to reargue on November 10, 2014, which the court denied on March 29, 2015, holding that it was filed late, the court had not overlooked any controlling principle of law, and the defendant had not pointed to any claimed misapprehension of facts by the court. On April 20, 2015, the defendant appealed to this court.

"This court reviews mortgage foreclosure appeals under the abuse of discretion standard. . . . A foreclosure action is an equitable proceeding. . . . The determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Khatun*, 146 Conn. App. 618, 620, 78 A.3d 222 (2013).

The defendant first claims that the court should have held a hearing before deciding her petition for reinclusion in the foreclosure mediation program. The plaintiff replies that the only requirement for reinclusion in the mediation program under General Statutes § 49-31*l* is that the movant show good cause, and that the court properly determined that the defendant had not.

Section 49-31*l* (c) (5) provides in relevant part that "the court may refer a foreclosure action brought by a mortgagee to the foreclosure mediation program at any time, for good cause shown . . . . When determining whether good cause exists, the court shall consider whether the parties are likely to benefit from mediation and, in the case of a referral after prior attempts at mediation have been terminated, whether there has been a material change in circumstances." Therefore, for a referral after prior attempts at mediation have been terminated, showing good cause requires showing both that the parties are likely to benefit from mediation and that a material change in circumstances has occurred. Section 49-31*l* does not contain a hearing requirement. In her request for reinclusion in the foreclosure mediation program, the only ground advanced by the defendant was that the plaintiff had contacted her to see if they could work out a modification of the mortgage.[3] The court denied the petition; we conclude that it was well within its discretion to determine that the defendant had not shown good cause.

The defendant next claims that the court erred in making new findings when it set a new law day because it was barred from doing so by § 49-15 (b). The plaintiff responds that the court was permitted to modify the

foreclosure judgment when setting a new law day.

Section 49-15 (b) provides in relevant part: "Upon the filing of a bankruptcy petition by a mortgagor . . . any judgment against the mortgagor foreclosing the title to real estate by strict foreclosure shall be opened automatically without action by any party or the court, provided, the provisions of such judgment, other than the establishment of law days, shall not be set aside under this subsection . . . ." By its express terms, subsection (b) of § 49-15 governs what occurs automatically following the filing of a bankruptcy petition: the judgment is opened, but only with respect to the law day. It does not refer to how a plaintiff may request the court reset the law day and reenter the judgment of strict foreclosure following the dismissal or discharge of the bankruptcy.

In order to have the court reset the law day and reenter the judgment of strict foreclosure, a plaintiff must comply with subsection (a) (1) of § 49-15, which provides in relevant part: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified . . . ." We conclude that the plaintiff's motion of April 30, 2014, constituted a written motion and that the trial court properly opened the judgment, entered new findings, and reset the law day. See *Pacific Mutual Life Ins. Co.* v. *Broad Associates Ltd. Partnership*, 24 Conn. App. 42, 44 n.3, 585 A.2d 115 (1991) ("[o]n an application for a foreclosure the court will ascertain the sum that is due on the mortgage, and enquire into the value of the mortgaged premises, and will limit a time for redemption having regard to the value of the [mortgaged] premises when compared with the debt" [internal quotation marks omitted]).

Finally, the defendant claims that the court improperly denied her motion to reargue as untimely and, therefore, the remainder of the court's decision on the merits was obiter dictum.[4] The plaintiff concedes that the defendant's motion to reargue was timely filed but contends that the court properly denied the motion on its merits.

"The standard of review for a court's denial of a motion to reargue is abuse of discretion. . . . [T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Internal quotation marks omitted.) *Fortin* v. *Hartford Underwriters Ins.*

*Co.*, 139 Conn. App. 826, 843, 59 A.3d 247, cert. granted on other grounds, 308 Conn. 905, 61 A.3d 1098 (2013) (appeal withdrawn November 26, 2014).

The defendant contends that the court denied her motion to reargue on timeliness grounds and that the remainder of the court's holding is dicta. This is not a case where the court considered the merits of a matter after determining that it lacked subject matter jurisdiction. See *Electrical Contractors, Inc.* v. *Dept. of Education*, 303 Conn. 402, 421, 35 A.3d 188 (2012) (where court determines it lacks subject matter jurisdiction, any further discussion of merits is dicta). The court clearly denied the motion to reargue on two grounds, both the lack of timeliness and the lack of any legal or factual analysis that it had not considered. Having reviewed the motion, we conclude that the court did not abuse its discretion in concluding as it did as to the second ground.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

[1] The complaint also named Mortgage Electronic Registration Systems, Inc., as Nominee for Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender (MERS) as a defendant. In January 2010, the trial court clerk granted the plaintiff's motion for default against MERS for its failure to file an appearance. Because only Anna Morawska has appealed, we refer to her as the defendant for purposes of this opinion.

[2] The plaintiff is the trustee of the BS Arm Trust, Pass-Through Certificates, Series 2005-1.

[3] The plaintiff denies that it suggested returning to mediation; it maintains that the letter was merely an informational letter providing contact numbers. The plaintiff neither objected to nor consented in the plaintiff's motion for reinclusion.

[4] "[D]ictum is an observation or remark made by a judge in pronouncing an opinion upon a cause, concerning some rule, principle, or application of law, or the solution of a question suggested by the case at bar, but not necessarily involved in the case or essential to its determination . . . . Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case . . . are obiter dicta, and lack the force of an adjudication." (Internal quotation marks omitted.) *Electrical Contractors, Inc.* v. *Dept. of Education*, 303 Conn. 402, 421 n.16, 35 A.3d 188 (2012).